M. Frankoviz *vs.* Harold G. Smith, impleaded, etc.

January 11, 1886.

**Mechanic's Lien—Time for Filing—Date of Last Item in Account.—** In a claim for a mechanic's lien which includes different items of material delivered at different times, the account is to be treated as a unit, and the time within which the account and affidavit must be filed for record begins to run from the date of the last item, providing they were all delivered for the same job of work; as for constructing the building, if that was the job in hand, or for doing the same job of repairing.   But if some of them were delivered for some other work,—as where the con-

struction is completed, and afterwards some further thing to be done is determined on,—the furnishing of such items cannot suspend the running of the time for filing as to the account for constructing.

**Same—Question for Jury.**—Whether an item belongs in such account is a question of fact for the jury.

**Same—Complaint Sufficient after Judgment.**—Complaint construed, and *held*, under the rule in *Smith* v. *Dennett*, 15 Minn. 59, (81,) to be sufficient where not objected to till after judgment.

Appeal by plaintiff from an order of the district court for Otter Tail county, *Baxter*, J., presiding, vacating and setting aside a judgment entered upon default.

*Charles L. Lewis*, for appellant.

*Rawson & Haupt*, for respondent Smith.

GILFILLAN, C. J. Action to foreclose a lien claimed for material sold and delivered to a contractor in constructing a house for defendant Smith. Judgment having been entered by default, the court below, on motion of defendant Smith, set it aside as to him, on the ground, in effect, that the complaint does not show that plaintiff had a lien when the action was commenced.

A complaint in an action to enforce a mechanic's lien must, of course, (as in any other action,) state facts sufficient to constitute a cause of action,—must, by its allegations of fact, show plaintiff entitled to judgment.

The objection to this complaint is that it does not show that the affidavit and account required by the statute were filed for record in time to preserve the lien. The time prescribed by the statute (Gen. St. 1878, c. 90, § 6,) is 60 days after the time of furnishing the material. To the complaint is attached a bill of particulars, referred to in the complaint, of the materials furnished. In this are 30 items under 13 different dates; the first date being February 14th, the next to the last March 18th, and the last June 4th. The affidavit and account were filed for record August 4th, (Monday.) So that the date of the last item is 78 days after the date of all the other items, and the date of filing the affidavit and account 138 days after all the items but the last. Assuming that the time for filing the affidavit and account began to run June 4th, then, computing the time

according to the rule in Gen. St. 1878, *c.* 66, § 82, by excluding the first and including the last day, and excluding Sunday when that would be the last day, the affidavit and account were filed in time. We have no question that the last item in the bill, "10½ feet eavetrough," if used in the construction of the building, as the complaint alleges, was "material" within the meaning of the statute giving a lien.

The proposition on which the court below appears to have held the complaint bad is that the right to a lien as to all the items prior to the last had expired before that item was furnished, and that the furnishing of that item could not revive the right to a lien for the others,—a proposition entirely correct, if that item and the others are, under the allegations of the complaint, to be taken as wholly independent of each other; for it would be unreasonable that a materialman, after his lien has expired, should be able to restore it by a subsequent independent transaction,— one having no connection with, and being no part of, the transaction out of which his right to a lien arose. Where a lien is claimed for different items, delivered at different times, the right is not necessarily a right to an independent lien for each item furnished. If it were, and it were necessary for the material-man to proceed separately for each item in perhaps a long line of items delivered at different times, the right would in many cases be of very little value. A great many different items may be delivered at different times, and there be but one lien, including all of them. In such case the time for filing the affidavit and account begins to run from the time when the delivery was completed, that is, when the last item was delivered; and in such case it is no objection to any item that it was delivered a longer time before the filing than is specified in the statute for the filing; for the whole account is treated as a unit. And this is usually the case where the articles are delivered, though at different times, under one contract for the same general purpose,—as for the purpose of constructing a building, or for the purpose of repairing it,—but would not be the case when furnished for different purposes, as at one time for constructing, and at another time for repairing. Phil. Mech. Liens, §§ 229, 230.

A running account for materials furnished for the same general purpose is deemed an entire contract. Each item is not to be regarded as a separate cause of action, but the whole rather as a continuous dealing, the aggregate of the items being included in the same cause of action for which one lien is given. Id. § 325; *Skyrme* v. *Occidental Mill Co.*, 8 Nev. 219; *Lamb* v. *Hanneman*, 40 Iowa, 41; *Schmeiding* v. *Ewing*, 57 Mo. 78; *O'Leary* v. *Burns*, 53 Miss. 171. This is in accordance with the manner in which the work is usually done; for the builder rarely procures all the materials, especially of the character described in this bill of particulars, at one time, but usually procures them from time to time as they are needed in the progress of the work. When they are so procured, all that are got for the same job—that is, for constructing the building, if that is the job in hand, or for making repairs, if it is that which the contractor has to do—are deemed to be got upon an account current, upon the same contract or purchase as it were; and the aggregate, when they have all been furnished, constitutes one lien. As soon as the lien has all accrued,—that is, when the materials for the same job have all been furnished,—the time limited for making it secure begins to run, and no materials subsequently delivered for something determined upon after the job is finished can stop the running of such time. To illustrate: In this case the contractors had in hand the constructing of the building. If the items in the bill of particulars to and including that of March 18th completed the work, and the item of June 4th was an after-thought,—something determined upon after the construction was completed,—then that item is independent of the others, is no part of the account to which they belong, and cannot affect the right to a lien for that account. The lapse of so long a time between the items of March 18th and June 4th, unexplained, would be evidence, more or less strong according to the circumstances, that the two items did not belong to the same account, that they were not furnished for the same job, and that the latter item was upon an after-thought. But it is a question of fact for a jury.

The question here is, does it appear from the complaint that all the items, including the last, belong to the same account, so that

there was one right to a lien for the whole? It alleges that on or about February 1st the plaintiff furnished for said C. & D. Ireland, (the contractors,) at their special instance and request, certain materials which are more particularly described in the bill of particulars; from which it may fairly be inferred that they were all furnished pursuant to one understanding, agreement, or contract, and constitute one account. And if it may be so inferred, then, within the rule for construing a complaint after judgment, applied by this court in various cases, more markedly in *Smith* v. *Dennett*, 15 Minn. 59, (81,) it is to be taken now as though the fact were distinctly alleged. It is distinctly alleged that the materials (all of them) were used in the construction of defendant's building, under an agreement with him by which the contractors were to furnish the material and build the building. So that it appears that they were all used in the same work.

Order reversed.