FRANK J. LINNE and another *vs.* JAMES C. STOUT and others.

October 14, 1889.

Mechanic's Lien — Slight Errors in Lien Statement. — Where the account for a lien for materials furnished states the items and dates when they were delivered, and the same is duly verified, and appears to have been filed in time, a variance in the proof as to the time when one or several items were furnished, or mistake or inaccuracy in the statement of the dates in the affidavit annexed to such account, no prejudice appearing, will not be fatal to the lien.

Appeal by plaintiffs from an order of the district court for Ramsey county, *Kerr,* J., presiding, refusing a new trial after judgment ordered for defendants on the pleadings, which included a copy of the lien statement and affidavit.

*Warren H. Mead,* for appellant.

*T. R. Palmer,* for respondent.

VANDERBURGH, J. This action is brought to enforce a mechanic's lien. The claim, as set forth in the complaint, is for certain materials furnished by the plaintiffs to the defendant Meckelson, as contractor, and by him used, as it is alleged, in the construction of a certain building upon the land in question, under a contract with the defendant James C. Stout, the owner, in the months of July, August, September, and October, 1888. The account and bill of particulars, verified by affidavit, and constituting plaintiffs' claim for a lien, was

filed on the 25th day of January, 1889, and is annexed to and made a part of the complaint; and, by the account, certain items are charged as having been delivered in July and August, and certain others in September and October, the first date being July 2, and the last, October 1, 1888. The affidavit is objected to chiefly on the ground that its statements are inconsistent and contradictory in respect to the time when the materials were delivered; and while in one part the correctness of the account as it stands is verified, in another it is stated that the materials were furnished and used in the building since the 1st day of September, 1888. The account and affidavit are not, however, otherwise inconsistent, and there is no discrepancy in respect to the items furnished in September, constituting the larger part of the account, or as to the date of the last item. The record therefore shows that the account and claim were filed in time, and there could in no event be any question as to the sufficiency or validity of the same as respects the items shown by the account on its face to have been furnished after September 1st. The first item in September is dated September 5th, and the confusion arises as to the items dated in July and August; that is to say, between the account, which is verified, and the further statement that "the materials in said account mentioned were sold, delivered, furnished, and used in the building since September 1." The account is to be treated as an entirety, and constitutes one claim. The lien is not for the separate items, though some may be excluded on special grounds, but for one entire claim, (*Frankoviz* v. *Smith*, 34 Minn. 403, 26 N. W. Rep. 225;) so that the time for filing the account and affidavit did not begin to run until the delivery was completed, and the last item furnished, which in this case was October 1st. They were, therefore, we must assume, filed in time; and in such cases a variance in the proof as to the time when one or several items of the account may have been furnished is not necessarily fatal to the lien; and, in case of a dispute between the parties, it may have to be determined as a question of fact; hence a mistake or inaccuracy in the statement of the dates which (as in this case) can prejudice no one, will not defeat the *action*. *Treusch* v. *Shryock*, 55 Md. 330. Here all the items are set forth, and the kind and amount

of the materials furnished are given, and the only doubt or discrepancy is in relation to the time of the delivery of the items charged in the account as of an earlier date, which as against conflicting rights might, under the affidavit, be held to have been delivered after September 1st.

The affidavit is justly subject to criticism, and there can be but little excuse for such mistakes; but we are of the opinion that it is not so misleading on its face as to justify the court in holding it invalid, and that the variance between it and the complaint is not such as to warrant the exclusion of the same as evidence in support of the plaintiffs' lien for the amount claimed.

Judgment reversed, and the case remanded for trial.