# NORTHWESTERN LUMBER & WRECKING COMPANY v. ELIZABETH F. PARKER and Others.[1]

June 14, 1912.

Nos. 17,581—(98).

**Foreclosure of mechanic's lien — grant of new trial — discretion of court.**
In an action to foreclose a mechanic's lien the facts are stated, and an order granting a new trial on the ground that the findings of the court were not sustained by the evidence, and the further ground of newly discovered evidence, *held* not an abuse of discretion.

Action in the district court for Hennepin county to foreclose a mechanic's lien for $92.87, and to determine plaintiff's lien claim superior to the rights of defendant Parker, the owner, and paramount to any other lien on the premises, and that the premises be sold to satisfy the liens. The case was tried before Dickinson, J., who made findings and as conclusions of law found that defendant H. O. Roberts Company was entitled to judgment against C. C. Whitney Pure Food Company in the sum of $822.64; that defendant Gardner Hardware Company was entitled to judgment against defendant C. C. Whitney Pure Food Company in the sum of $153; that defendant Roberts Company was entitled to $25 attorney's fees; that defendant Hardware Company was entitled to $10 attorney's fees; that the judgments were co-ordinate, specific first liens upon the premises and prior to any right of defendant C. C. Whitney Pure Food Company; that H. O. Roberts and Gardner Hardware Company were entitled to have the property sold and proceeds used to satisfy their respective judgments, and that if the amount realized was insufficient to pay the liens the net proceeds should be distributed pro rata between them. From an order granting defendant Parker's motion for a new trial, defendant Roberts Company and defendant Hardware Company appealed. Affirmed.

[1] Reported in 136 N. W. 855.

*A. E. Helmick, Wright & Matchan,* and *John A. Sweeney,* for appellants.

*J. H. Green* and *James M. Pulliam* and *Mead & Bryngelson,* for respondent Elizabeth F. Parker.

BROWN, J.

Action to foreclose a mechanic's lien, in which judgment was ordered in favor of defendant Roberts Company and defendant Gardner Hardware Company for the amount of their respective claims. Defendant Parker, the owner of the property charged with the liens, subsequently moved for a new trial on the grounds that the findings of the court were not justified by the evidence and for newly discovered evidence. The motion was granted upon the grounds stated, and defendants Roberts Company and the Gardner Hardware Company jointly appealed.

The short facts are as follows: Respondent, Parker, was the owner of the property involved in the action, and leased the same to the C. C. Whitney Pure Food Company, a corporation, with the option of purchasing the same within the time limited by the lease at an agreed purchase price. The property was out of repair, and unsuited, without changes, to the business to be conducted therein by the Whitney Company, and it was authorized by the contract to make all necessary alterations, but at its own cost and expense. Thereafter the Whitney Company entered into a contract with the defendant H. O. Roberts Company for installing in the building a heating plant, with all necessary incidents, and for the work, labor, and material furnished in the performance of the contract the Roberts Company in due time perfected a lien upon the property. Defendant Parker had notice, through her agent and manager of her affairs, that the alterations and repairs were being made, but posted no notice upon the premises that she would not be liable therefor, as provided for by section 3509, R. L. 1905, though there was some evidence to the effect that her agent called attention of the Roberts Company to the terms of the lease imposing upon the Whitney Company the expense of the improvements. Among other items of material furnished by the Roberts Company was a "pump and re-

ceiver," listed in the lien statement at $90. The evidence shows
that this was subsequently removed by the Roberts Company, for
the reason that it didn't do "the work that they wanted it to do,"
and was thereafter sold by the company for $50. The total amount
of the lien was $822.64, and this included the value of the removed
pump. The pump may have been removed after the lien statement
was filed; but the value thereof, $90, was included in the judgment
ordered for the Roberts Company. The lien statement also contains
items of material furnished, not of a lienable character, which, to-
gether with the value of the pump, exceeded $100, and all went into
the judgment as ordered by the court.

The motion for a new trial was based upon several grounds, in-
cluding newly discovered evidence. The newly discovered evidence
consisted in the following facts: The Manufacturers Supply Com-
pany sold to the Whitney Company a considerable portion of the
material employed in the repair of the building, namely, an engine,
boilers, radiators, pipes, and machinery, and before the delivery
thereof to the Whitney Company to be installed in the building en-
tered into a contract with Mrs. Parker by which the Supply Com-
pany was granted the right to remove all thereof from the building
if not paid for by the Whitney Company. The Whitney Company
gave to the Manufacturers Company a chattel mortgage upon the
identical property to secure the payment of the purchase price.
Neither this contract nor the chattel mortgage came to the notice of
the Roberts Company prior to the time of performing the labor in
installing that property in the building. Subsequently for nonpay-
ment of the purchase price the Manufacturers Company reclaimed
the property and removed it from the building. The failure to pro-
duce this evidence on the trial was not very satisfactorily explained,
but the explanation was sufficient to call into action the discretion of
the trial court.

In reference to the claim of the Gardner Hardware Company it
need only be said that there was a fair doubt whether the lien state-
ment included work, labor, and material furnished under one or
under several distinct and separate contracts. If under several in-
dependent contracts, all could not be included in one lien statement,

within the rule laid down in Fitzpatrick v. Ernst, 102 Minn. 195, 113 N. W. 4. The court found that but one contract was involved, and ordered judgment for the full amount of the claim. In this, by the order granting a new trial, the court evidently concluded that error was made.

Several questions are raised and discussed in the briefs of counsel, which we do not deem proper to consider at this time. A new trial has been granted, and in just what light the questions may appear when all the evidence is then presented cannot be determined in advance, and it would be unwise to attempt to anticipate it, or to determine the legal rights of the parties, before a full hearing below is had. We may remark, however, in respect to the Gardner Hardware claim, that a substantial rather than a technical view should be taken of the question whether its claim is founded upon one or upon separate and independent contracts.

Our conclusion upon the whole record is that the order granting a new trial as to both lien claimants was not an abuse of discretion, and it is therefore affirmed. No costs or disbursements, except clerk's fees, will be taxed for respondent.

Order affirmed.