# AMERICAN BRIDGE COMPANY OF NEW YORK v. G. T. HONSTAIN and Others.[1]

January 24, 1913.

Nos. 17,704—(39).

**Mechanic's lien — different items in one lien statement.**

In a claim for a mechanic's lien, which includes different items of material furnished to the contractor at different times during the progress of the work, at an agreed price for each item, if all the materials are furnished for the same job, as the construction of a building, they may be all included in one lien; and the lien statement is filed in time, if within 90 days after the last item is furnished.

**Finding sustained by evidence.**

The finding of the trial court that all the materials furnished by respondent to the contractor in this case, including the last item, were furnished to the contractor and used in the construction of the building, to enable the contractor to comply with and fulfil the terms of his contract, is sustained by the evidence.

In an action in the district court for Hennepin county to foreclose mechanic's liens, the Crown Iron Works Company sought to

[1] Reported in 139 N. W. 619.

Note.—As to the right to tack different contracts to perform labor or furnish material for purpose of extending time to file lien, see note in 15 L.R.A. (N.S.) 299.

The question of the effect of the addition of new items to extend time for filing lien is discussed in a note in 35 L.R.A. (N.S.) 901.

recover personal judgment against defendant Honstain for the sum of $811 and to foreclose a mechanic's lien therefor. The case was tried before Holt, J., who made findings of fact and ordered judgment in favor of the iron works company against defendant Honstain for the amount demanded, that the judgment be decreed a lien upon the premises in question, and that they be sold to satisfy the judgment and the costs of sale. The motion of the Northwestern Consolidated Milling Company for amended findings of fact and conclusions of law was denied. From an order denying a motion of the last named company for a new trial of the lien claim of the iron works company, the milling company appealed. Affirmed.

*James D. Shearer,* for appellant.

*A. B. Darelius,* for respondents.

BUNN, J.

This is a mechanic's lien action. The trial court found that the Crown Iron Works Company was entitled to a lien in the sum of $811 upon the real estate involved. The owner, defendant Northwestern Consolidated Milling Company, appeals from an order denying its motion for a new trial.

. The facts are as follows:

Prior to June 10, 1908, defendant Honstain entered into a contract with the milling company, by the terms of which, in consideration of the payment of the contract price, he agreed to construct for the company, upon the real estate involved, a grain elevator, complete for the storing and handling of grain, including automatic receiving separators, wheat pits, track sheds, framing for shovel machinery, garner bins, and mechanical contrivances for the storing and handling of grain. Honstain commenced work under the contract June 10, 1908, and completed the elevator on March 26, 1909. He purchased of respondent structural iron and steel of the value of $2,811, which was used in the construction of the elevator. The first item was furnished October 14, 1908, and consisted of material used for the framing of track shed. Honstain agreed to pay for this

item $2,150. The second item was for material used for shovel machinery supports, which was furnished December 4, 1908, at the agreed price of $572. The third and last item of the material furnished by respondent to Honstain, and used in the construction of the elevator, was for material of the value of $89, furnished March 26, 1909, and used to remedy a defect in the garners. At this time the elevator had been turned over to the milling company.

The lien statement of respondent was filed June 21, 1909. The main contention of appellant is that the materials were furnished by respondent under three "separate, individual, and unrelated" contracts, and that, the lien statement not having been filed within 90 days after the first and second items were furnished, the right to a lien for the materials furnished under the first two contracts has been lost.

There is no fair question as to the good faith of respondent, and therefore no reason for a suspicion that the last item was furnished solely to keep alive or restore the right to a lien for the materials previously furnished. There is some ground for appellant's contention in the decided cases, but those in this state upon which it relies are distinguishable.

In Fitzpatrick v. Ernst, 102 Minn. 195, 113 N. W. 4, the lien claimant had agreed with the owner of a building to make all the alterations and repairs which the owner would need in the future at the regular price of work and material, with 10 per cent. added. From time to time the owner would order repairs and the work was done as ordered. It was held that the trial court was justified in finding that the work consisted of a number of independent jobs, and that plaintiff was entitled to a lien for only those portions of the work done within 90 days prior to the filing of the lien statement. There was no "one job" in the case cited, and the materialman dealt directly with the owner. That the situation would be different when the materials are furnished for one general purpose, as for the erection of a building, is recognized in the opinion.

In Northwestern Lumber & W. Co. v. Parker, 118 Minn. 211, 136 N. W. 855, the appeal was from an order granting a new trial after a decision in favor of the lien claimant. It was said by this court that there was a fair doubt whether the lien statement included work done and material furnished under one or several distinct and separate contracts; and the Ernst case is cited to the proposition that if there were several independent contracts all could not be included in one statement. But it was said, as a guide to the trial court, that "a substantial rather than a technical view should be taken of the question whether its claim is founded upon one or upon separate and independent contracts."

These cases, as well as those cited by appellant from other courts, apply a rule that is not to be questioned, but do the facts in the case at bar warrant the application of that rule here? We think not.

Here Honstain's contract was for a complete building. He bought his material in the market, as he needed it, at the best prices he could obtain. Three times during the performance of his contract he purchased needed material from respondent, each time at an agreed price. On reason it should not be held that respondent was obliged to file a separate lien statement for each bill of materials furnished and used in the construction, and we think the authorities do not justify such a decision. The statute (R. L. 1905, § 3505) gives a lien to whomever contributes to the improvement of real estate by performing labor or furnishing materials, whether under contract with the owner, or *at the instance of* any contractor of such owner, for the price or value of such contribution. In the case of materials furnished "at the instance of a contractor," the lien is not for the contract price, but for the reasonable value. That the materials are furnished at different times during the progress of the work is un-important; and it would also seem that the arrangements between the contractor and the materialman, whether, as between them, each item furnished is a separate contract and at a separate agreed price, is of no moment in considering the right of lien. As between the parties interested in the lien, the claimant and the owner, the ques-

tion is not under what kind of a contract the materials were sold to the contractor, but were they all furnished for one job and all used in the building, and what is their reasonable value? As between these parties, there is but one transaction, one job—the construction of the building.

The language of Chief Justice Gilfillan, in Frankoviz v. Smith, 34 Minn. 403, 26 N. W. 225, is in point here:

"Where a lien is claimed for different items, delivered at different times, the right is not necessarily a right to an independent lien for each item furnished. If it were, and it were necessary for the materialman to proceed separately for each item in, perhaps, a long line of items delivered at different times, the right would in many cases be of very little value. A great many different items may be delivered at different times, and there be but one lien, including all of them. In such case the time for filing the affidavit and account begins to run from the time when the delivery was completed, that is, when the last item was delivered, and in such case it is no objection to any item that it was delivered a longer time before the filing than is specified in the statute for the filing; for the whole account is treated as a unit. And this is usually the case where the articles are delivered, though at different times, under one contract for the same general purpose,—as for the purpose of constructing a building, or for the purpose of repairing it,—but would not be the case when furnished for different purposes, as at one time for constructing, and at another time for repairing. * * * The builder rarely procures all the materials * * * at one time, but usually procures them from time to time as they are needed in the progress of the work. When they are so procured, all that are got for the same job— that is, for constructing the building, if that is the job in hand, or for making repairs, if it is that which the contractor has to do— are deemed to be got upon an account current, upon the same contract or purchase as it were; and the aggregate, when they have all been furnished, constitutes one lien."

It is true that in the Frankoviz case it did not appear that the contractor and materialman agreed on the price of each item as it was ordered, but that is not, as we view it, a material consideration. The cases of State Sash Mnfg. Co. v. Norwegian Seminary, 45 Minn. 254, 47 N. W. 796, and St. Paul & M. Pressed Brick Co. v. Stout, 45 Minn. 327, 47 N. W. 974, are conclusive on this point.

In the former case part of the materials were furnished without an agreement as to the price to be paid, while one item was furnished under a separate written contract at an agreed price. It was held that one lien was properly filed for all the materials furnished for the job. In the latter case the contractor bought a bill of brick at an agreed price in July. He erred in his computation of the number needed, and in September ordered a further supply, for which the dealer charged a higher price. It was held that, as all the materials were purchased for and used in the completion of the same building contract, all could be included in one lien, filed within the statutory time after the last order was delivered. It is hardly open to question, under these authorities and others, and on principle, that the lien statement in the case at bar was filed in time, and that all the materials furnished by respondent and used in the construction were properly included in one lien statement. We so hold.

2. It is further contended by appellant that the material furnished by respondent in March for the raising of the garners was not furnished under the Honstain contract, but for the alteration of a completed structure, after the same had been accepted as completed in accordance with the contract and the contractor discharged. This material was used to raise the tops of the garners; it being discovered that as constructed they did not have the capacity called for by the contract. The trial court found that all the materials, including this last item, were furnished by Honstain to enable him to comply with and fulfil the terms of his contract, and the evidence, we hold, amply sustains this finding. The conclusion that respondent was entitled to include this item in his lien necessarily follows.

Order affirmed.

HOLT, J., having tried the case in the court below, took no part.