## PAINE & NIXON COMPANY v. OSCAR DAHLVICK.[1]

February 9, 1917.

Nos. 20,123—(265).

**Mechanic's lien — evidence — two unrelated contracts — extent of lien.**

In an action to enforce a mechanic's lien the evidence is *held* sufficient to sustain a finding that the work done by a lien claimant was done under two separate and unrelated contracts and not as a part of a continuous job and that there was no lien for materials furnished on the contract which was finished more than 90 days prior to the filing of the lien.

[1]Reported in 161 N. W. 257.

Action in the district court for St. Louis county. The court, Dancer, J., ordered judgment in favor of defendant Grande for $91.68, of which sum $58.87 was declared a specific lien upon the premises described in the complaint. His motion for amended findings was denied. From the judgment entered pursuant to the order for judgment, defendant Grande appealed. Affirmed.

*Archer & Pickering,* for appellant.

*Charles Line,* for respondent Anderson.

DIBELL, C.

Action to enforce a mechanic's lien. Judgment was entered for the defendant Grande against the defendant Dahlvick for $91.68, of which $58.87 was adjudged a lien upon specific property. Grande appeals. His claim is that all of the $91.68 should have been adjudged a lien.

The defendant Anderson was the owner of a lot and building in Virginia. He was making some changes. Dahlvick had the contract for putting in a new front for $350. This contract was completed as early as October 14, 1914, and Dahlvick was paid. Of the material furnished by Grande $32.81 worth was furnished in connection with this front. Later Dahlvick entered into a contract with Anderson for some work in the basement. This work apparently was not in contemplation at the time of the contract for the front. Of the material furnished by Grande $58.87 worth was furnished in connection with this contract. The lien claim of Grande was filed on January 26, 1915. This was within 90 days after the furnishing of the material for the basement, but not within 90 days after the furnishing of the material for the front. The court finds that the contracts for the front and for the basement were separate and distinct, and as a result that the lien claim filed by Grande was not effective as to the material furnished in connection with the front. The only question is whether the finding is sustained by the evidence. If the work being done is one continuous work constituting one job, though there are several agreements for the furnishing of different materials, each being a separate contract for some part of the general work, a lien claim filed within 90 days after the last item preserves a lien for all. Frankoviz v. Smith, 34 Minn. 403, 26 N. W. 225; American Bridge Co. v. Honstain, 120 Minn. 329, 139 N. W. 619; North-

western L. & W. Co. v. Parker, 125 Minn. 107, 145 N. W. 964. If the contracts are separate and distinct and unrelated, not in connection with a continuous work or job, a lien claim filed does not preserve a lien upon materials furnished prior to the 90 days. Fitzpatrick v. Ernst, 102 Minn. 195, 113 N. W. 4; Northwestern L. & W. Co v. Parker, 118 Minn. 211, 136 N. W. 855. The application of these two doctrines to the varying facts of particular cases is often attended with difficulty. We conclude that the holding of the trial court that the contracts were separate and unrelated within the cases last cited is sustained and that the defendant is not entitled to a lien for a greater amount than that allowed him.

Judgment affirmed.