## HEIMBACH LUMBER COMPANY v. I. A. SPEAR AND OTHERS.
## EDWARD R. LEWIS AND ANOTHER, APPELLANTS.[1]

### May 31, 1918.

### No. 20,845.

**Mechanic's lien — time of filing.**

> After the completion of a contract for building a dwelling house, the owners had a door installed in an opening for which the plans had not provided a door. The material for this work was the only item furnished within 90 days of the filing of plaintiff's lien. *Held* that the evidence sustains the finding that this material was furnished in accomplishing the general purpose of the original contract and that the lien is valid as to prior items.

Acting in the district court for St. Louis county to recover $218.73 and enforce a mechanic's lien for the amount. The case was tried before Fesler, J., who made findings and ordered judgment in favor of plaintiff for the amount demanded, and that $4.75, with interest, be declared a specific lien upon a certain lot of land in Duluth, and that the interest of defendants Lewis in the property on November 2, 1915, be sold to satisfy the lien. From the judgment entered pursuant to the order for judgment, defendants Lewis appealed. Affirmed.

*Courtney & Courtney,* for appellants.

*Warner E. Whipple* and *Frank E. Randall,* for respondent.

[1]Reported in 167 N. W. 1041.

TAYLOR, C.

The owners of a lot in the city of Duluth appeal from a judgment foreclosing a mechanic's lien thereon.

They contracted with I. A. Spear for the erection of a dwelling house on the lot according to certain plans and specifications, Spear to furnish all the material therefor. Spear completed his contract on September 27, 1915, and the owners moved into the house on October 6, 1915. The original contract did not include the furnishing or placing of a door at the foot of the stairway leading from the second floor to the attic and none had been installed. After occupying the house for 3 or 4 weeks, the owners had Spear put in a door at the foot of this stairway.

Spear procured the lumber for the building from plaintiff. Various changes were made at the instance of the owners as the construction of the building progressed, and Spear from time to time procured additional lumber for these so-called extras. When he installed the door at the foot of the attic stairway, he procured from plaintiff material therefor of the value of $4.75 which was delivered on November 2, 1915. On January 31, 1916, plaintiff filed a lien for the balance of $218. 73 due for lumber. The item of material for the attic door above mentioned was the only item delivered within 90 days of the filing of the lien, and the owners insist that this item was furnished for a separate contract, unrelated to the originial contract, and that plaintiff, having failed to file its claim for a lien within 90 days from the delivery of the last item of material furnished for the original contract, has no lien for any material furnished for such original contract.

The attic door was put in for the purpose of completing the building, not for the purpose of repairing it, and the trial court found in effect that the material therefor was furnished in accomplishing the general purpose of the original contract. While the question is a close one we are of opinion that the finding should be sustained under the doctrine of the following cases. Frankoviz v. Smith, 34 Minn. 403, 26 N. W. 225; American Bridge Co. v. Honstain, 120 Minn. 329, 139 N. W. 619; Northwestern L. & W. Co. v. Parker, 125 Minn. 107, 145 N. W. 964.

Judgment affirmed.