CARR-CULLEN COMPANY v. JUSTIN J. COOPER.

SAME v. LISETTE S. LARAWAY AND OTHERS (2 CASES).

SAME v. JOHN KIRK AND OTHERS.

SAME v. JAMES STODDART AND OTHERS.

SAME v. FLORA BOASBERG AND OTHERS.

NORTHLAND PINE COMPANY, APPELLANT.[1]

January 2, 1920.

Nos. 21,553, 21,554, 21,555, 21,556, 21,557, 21,558.

**Mechanic's lien — one lien statement for six houses.**

1. The evidence is stated and *held* to require a finding that a material-man contributed to the erection of six dwelling houses on eight adjoining lots under and pursuant to the purposes of one general contract and had a right to file one lien statement for its entire claim, embracing all the lots, as provided by section 7027, G. S. 1913.

**Same — voluntary appearance of defendants.**

2. A voluntary appearance in an action to foreclose a mechanic's lien is the equivalent of the service of a summons upon the person so appearing. If a party so far appears as to call into action the powers of the court for any purpose except to decide upon its own jurisdiction, it is a full appearance. The acts of the defendants who are here questioning the jurisdiction of the district court over them amounted to a voluntary general appearance.

**Appeal and error — omission to file lis pendens waived.**

3. The failure of one who is proceeding to foreclose a mechanic's lien to file a notice of lis pendens, as required by section 7030, G. S. 1913, cannot be taken advantage of for the first time on appeal to this court.

**Mechanic's lien may be set up by answer to complaint of another claimant.**

4. A lien claimant may assert a mechanic's lien by answer in actions brought by another lien claimant to foreclose its lien on the same property, and may enforce its lien in such actions as to all persons who are made parties thereto within one year from the date of furnishing the last item mentioned in its lien statement.

[1]Reported in 175 N. W. 696.

Actions in the district court for Hennepin county to foreclose mechanic's liens. The cases were consolidated and tried together before Dickinson, J., who made findings and ordered judgment in favor of appellant for the amount demanded, but denied its right to a lien. From judgments entered pursuant to orders for judgment, the Northland Pine Company appealed. Reversed.

*Elijah Barton,* for appellant.

*Josiah E. Brill, Arthur H. Anderson, Edward T. Teitsworth, J. B. Faegre* and *C. G. Krause,* for respondents.

LEES, C.:

In six actions brought by the Carr-Cullen Company for the foreclosure of as many mechanic's liens, the Northland Pine Company filed answers, claiming one lien on eight adjoining lots in the city of Minneapolis on which six dwelling houses had been built, and asked for the foreclosure of its lien. The owners of the lots and the assignees of mortgages thereon contested its claim to a lien, and it appeals from an adverse judgment in each of the actions.

1. The principal question mooted is whether it had a right to a lien on the property as a whole, or whether its claim grew out of separate and distinct transactions with the owner and builder of the houses. It is conceded that appellant furnished building materials used in the construction of the houses, but the court found that such materials were not furnished under or pursuant to the purposes of one genreal contract with the owner of the property, as provided by section 7072, G. S. 1913.

These are the material facts relating to this question: In March, 1916, the lots were owned by one Cooper, a contractor and builder, who was about to erect six dwelling houses on them, dividing them so that each house would occupy a portion of two lots. Appellant offered to furnish the lumber and other building materials required to construct the houses and a price was agreed upon. Cooper began to build in April, 1916. The construction of the houses was a continuous enterprise and was part of one general improvement or connected undertaking which he prosecuted as one job until he sold out to the Colfax Holding Company. The materials were furnished for the general purpose of enabling him to build this group of houses and were ordered from time to time as needed. Appel-

lant billed them to him under the heading "Job 50th and Colfax." The houses were located on Colfax avenue and Fiftieth street. No separate account was kept of the materials which entered into the construction of each house, but when appellant's teamster delivered a load he would get the signature of Cooper's foreman on a slip on which the materials delivered were listed, as a receipt therefor. On these slips the street number of the house at which the load was delivered would be entered.

On October 26, 1916, Cooper mortgaged each of the houses separately to Thorpe Brothers, and they assigned the mortgages to persons who were made defendants in the Carr- Cullen actions.

On May 29, 1917, having substantially completed two and partially completed four of the houses, Cooper conveyed the entire property to the Colfax Holding Company, also a defendant in the actions.

Appellant has never been paid for any of the materials it furnished, and the amount of its just claims is $6,070.74.

The Carr-Cullen actions and one instituted by Perl Brothers to foreclose a lien on the entire property were consolidated for trial and tried together. Respondents requested the court to find the value of the materials used in each house in order that appellant's claim might be apportioned among them in case it was held that it was entitled to a lien, and the court did so.

Upon this state of facts, we hold that appellant contributed to the erection of the six houses under and pursuant to the purposes of one general contract with Cooper; that it had the right to file one lien statement for its entire claim embracing all of the eight lots, and that the provisions of section 7027, G. S. 1913, are applicable within the rules laid down by this court in Frankoviz v. Smith, 34 Minn. 403, 26 N. W. 225; Lax v. Peterson, 42 Minn. 214, 44 N. W. 3; Gardner v. Leck, 52 Minn. 522, 54 N. W. 746; Johnson v. Salter, 70 Minn. 146, 72 N. W. 974, 68 Am. St. 516; Northwestern L. & W. Co. v. Parker, 118 Minn. 211, 136 N. W. 855; American Bridge Co. v. Honstain, 120 Minn. 329, 139 N. W. 619; Paine & Nixon Co. v. Dahlvick, 136 Minn. 57, 161 N. W. 257, and Northland Pine Co. v. Melin, 142 Minn. 233, 171 N. W. 808. There is nothing in Fitzpatrick v. Ernst, 102 Minn. 195, 113 N. W. 4, running counter to the holdings in the cases above cited, the distinction being pointed out in American Bridge Co. v. Honstain, supra.

2. The next question is whether the court had jurisdiction over the owners of the several houses and the assignees of the mortgages in the proceeding for the foreclosure of appellant's lien. The record is involved and confusing, and we have had no little difficulty in ascertaining the precise situation.

The Carr-Cullen Company filed a separate lien claim on each of the houses. Perl Brothers and appellant each filed one lien statement covering all the lots. The first item in appellant's claim was furnished on April 8, 1916, and the last on January 15, 1917. It filed its lien statement on April 3, 1917.

Respondent Beutner purchased one of the houses from Cooper on July 6, 1916, taking a contract for deed under which he went into possession in February, 1917. Respondent Capper purchased another in the same way and went into possession at some time prior to January 1, 1917. Jennie and Joseph Brechet took a deed from the Colfax Holding Company to a third house on September 20, 1917. The Colfax Company is the owner of the three remaining houses.

Cooper, the Colfax Company, Perl Brothers and appellant were made defendants in all of the actions brought by the Carr-Cullen Company. In the action affecting the Beutner and Capper property, each respectively was made a defendant. The Brechets were not made defendants in the action affecting their property. The complaint in that, as in all the other actions brought by the Carr-Cullen Company, was filed July 5, 1917, and appellant's answers were filed August 13, 1917. Perl Brothers made Cooper and the assignees of the mortgages defendants in their action. Beutner filed an intervening complaint in that action asking that Capper, the Brechets, the Colfax Company and others, be made parties to assert such defenses as they might have to his complaint, and that all valid liens upon any of the property be marshalled. On November 15, 1917, these persons were made parties to the Perl Brothers' action. The Colfax Company answered, asking that lien claimants, who claimed an entire lien upon the whole property originally owned by Cooper, be required to apportion their liens so as to subject each tract separately owned and mortgaged to a lien for the amount fairly chargeable to it. It was stipulated that this answer should be taken as the answer of Capper and the Brechets to the Beutner complaint in intervention. Beutner had theretofore ap-

plied to the court for an order consolidating for trial the six actions brought by the Carr-Cullen Company with the Perl Brothers' action. Such an order was made August 14, 1917. Beutner answered and filed a cross-complaint in the Carr-Cullen action in which he had been made a party defendant. On December 5, 1917, it was stipulated that the answer of the Colfax Company to Beutner's complaint in intervention should be taken as the answer of Capper and the Brechets to his cross-complaint, On December 12, 1917, the Colfax Company made a similar stipulation in its own behalf. All of the actions as consolidated came on for trial April 17, 1918. In the course of the trial it was stipulated by the owners of all the property that the apportionment of the value of appellant's materials contained in each of the houses, as made by Cooper in his testimony, was correct. Capper was not served with a summons nor originally made a party to any of the actions. In the action affecting the Beutner property, it was stipulated that the case proposed for settlement preliminary to an appeal to this court might be settled without notice. Capper and the Colfax Company were parties to this stipulation.

We have taken pains to set out in detail all the portions of the record we have discovered which may have a bearing on the question now under consideration.

As to Beutner, there can be no doubt about the jurisdiction of the court. He was a party to the actions and actively resisted appellant's claim to a lien.

As to Capper, we are satisfied that, by appearing as he did and taking part in the trial of the actions, he subjected himself to the jurisdiction of the court. A voluntary appearance is the equivalent of personal service unless made for the sole purpose of attacking the court's jurisdiction. Section 7741, G. S. 1913. If a party so far appears as to call into action the powers of the court for any purpose except to decide upon its own jurisdiction, it is a full appearance. He appears generally when he takes or consents to any step in a case which assumes that jurisdiction exists. Curtis v. Jackson, 23 Minn. 268; Johnson v. Hagberg, 48 Minn. 221, 50 N. W. 1037; St. Louis Car Co. v. Stillwater Street Ry. Co. 53 Minn. 129, 54 N. W. 1064. A voluntary appearance in an action to foreclose a mechanic's lien is the equivalent of the service of a summons upon the person so appearing. Hokanson v. Gunderson, 54 Minn. 499, 56 N. W.

172, 40 Am. St. 354. Capper is not in a position to assert that he conferred jurisdiction upon the court, only to the extent of determining the issues, if any there were, between him and Beutner. The several actions brought and consolidated were so interwoven that they finally became virtually one action.

All that has been said relative to Capper is applicable to the Colfax Company. In addition thereto we note that it was a party defendant in each of the Carr-Cullen actions, and there is no finding that it was not served with the summons issued therein. There is no merit in its contention that it was not in court insofar as appellant's proceeding to foreclose its lien is concerned. The Brechets purchased, subsequent to the commencement of the actions, from the Colfax Company, a defendant therein. It does not appear that appellant filed a notice of lis pendens as required by section 7030, G. S. 1913, but the omission, if none was filed, was not called to the attention of the trial court and is suggested for the first time on these appeals, and hence is of no avail. Julius v. Callahan, 63 Minn. 154, 65 N. W. 267.

The assignees of the mortgages were made parties defendant and the mortgages were taken during the open construction of the houses, hence their rights are subject to mechanic's liens properly acquired and perfected. Minneapolis Sash & Door Co. v. Hedden, 131 Minn. 31, 154 N. W. 511.

The contention of all of the respondents is that appellant has not asserted its lien rights against them within one year from the date of the furnishing of the last item mentioned in its claim for lien. The dates of the several occurrences we have detailed refute this contention. Appellant asserted its lien on August 13, 1917, when it filed its answers in the Carr-Cullen cases. All of the respondents became parties to the consolidated actions in the manner we have pointed out prior to January 15, 1918, when appellant's right to enforce its lien expired, and the court had jurisdiction to determine the lien set up by appellant in its answers. Menzel v. Tubbs, 51 Minn. 364, 53 N. W. 653, 1017, 17 L.R.A. 815; Miller v. Condit, 52 Minn. 455, 55 N. W. 47; Sandberg v. Palm, 53 Minn. 252, 54 N. W. 1109; Burns v. Phinney, 53 Minn. 431, 55 N. W. 540.

Appellant should have been given judgment for a lien upon the whole of the real property described in its lien statement for the full amount
144 M.—25.

of its claim. Such amount should be apportioned among the several owners of the property so that its lien against each of the six parcels into which the eight lots were divided will be limited to the sum which the court found to be the value of the materials furnished by appellant which entered into the construction of the house located thereon.

The judgments appealed from are reversed and the cases remanded for further proceedings in accordance herewith.

Judgments reversed.