## NORTHLAND PINE COMPANY v. CARL E. NEWSTROM AND OTHERS.[1]

### April 22, 1921.

### No. 22,201.

**Mechanic's lien — material furnished after completion of building.**

> In an action to foreclose a lien for material sold and delivered for the construction of an apartment house, the evidence supports a finding that the material was not all furnished under one contract.

Action in the district court for Hennepin county to foreclose a mechanic's lien. The case was tried before Bardwell, J., who made findings and as conclusions of law ordered judgment in favor of plaintiff; that the judgment be a specific lien against the premises, subsequent and inferior to the claim of defendant State Institution for Savings, and that they be sold to satisfy the lien. From an order denying its motion for a new trial, plaintiff appealed. Affirmed.

*Elijah Barton,* for appellant.

*A. H. Karatz* and *C. E. Purdy,* for respondent Newstrom.

QUINN, J.

Action to foreclose a lien claimed for material sold and delivered to Carl E. Newstrom, in constructing an apartment house upon the premises described in the complaint, which he owned. The facts are not in dispute. Plaintiff furnished material to Newstrom between June 4 and September 18, 1917, of the value of $2,586.80, which was used in constructing the building. The structure was completed prior to November 30,

[1]Reported in 182 N. W. 612.

1917. On that date Newstrom sold and delivered full possession of the premises to the defendant Karl Parness. Thereafter Parness decided to put two additional doors in the basement, one to make it more convenient in removing the ashes from the boiler room, and the other to make it safer in case of fire. Newstrom was employed to do the work, and he went to plaintiff's place of business and procured the material in three items, amounting to $10.09, which was charged to his former account as of December 3, 11 and 18, 1917. On March 18, 1918, the plaintiff filed a lien statement, claiming a lien on the premises for a balance of $970.95, which included the December items.

The trial court found as matters of fact, that plaintiff sold and delivered to the defendant Newstrom lumber and building material as set forth in the complaint, of the reasonable value of $2,596.89, no part of which has been paid except the sum of $1,625.94, and that there is due and owing to the plaintiff from the defendant Newstrom a balance of $970.95; that the material furnished to Newstrom between June 4 and September 17, was delivered upon the premises in question during the time Newstrom was the owner thereof; that on or about November 30, 1917, Newstrom sold and conveyed the premises in question to the defendant Karl Parness, who went into immediate possession thereof and ever since has been the owner and in possession of the same; that, at the time of such sale and for some time prior thereto, the building in question had been completed and occupied; that thereafter and between December 3 and 18, 1917, defendant Newstrom, at the instance of Parness, purchased additional material from plaintiff for the purpose of making improvements and certain changes in said building not theretofore contemplated by Newstrom; that the reasonable value of such material was and is the sum of $10.09.

As conclusions the court found that plaintiff was entitled to judgment against the defendant Newstrom for $970.95, with interest from December 18, 1917, together with its costs and disbursements, and that the judgment for material furnished between December 3 and 18, amounting to $10.09, together with plaintiff's costs and disbursements herein, is adjudged to be a specific lien against the premises described in the complaint, subsequent and inferior to the claim of defendant State Institution for Savings, etc.

The contention on behalf of appellant is that all of such material was furnished under one contract, including the items delivered in December. Unfortunately for appellant, the trial court found otherwise. The finding is, "that * * * between the 3rd day of December and the 18th day of December, 1917, and while defendants Parness were the owners of and in possession of said property, defendant Newstrom, at the instance and request of defendant Parness, purchased additional lumber and material of plaintiff for the purpose of making improvements and certain changes in said building not theretofore contemplated by said defendant Newstrom at the time said premises were being constructed by him." Under this finding it cannot be said that the December items were furnished under the June contract, and there is ample testimony in support of such finding. The lapse of 77 days between the items of June and July and those of December is evidence to be considered, as well as the fact that the building had been completed long prior to the furnishing of the latter items, saying nothing of the transfer of title and possession. Frankoviz v. Smith, 34 Minn. 403, 26 N. W. 225; Paine & Nixon Co. v. Dahlvick, 136 Minn. 57, 161 N. W. 257; see also 27 Cyc. 144.

Affirmed.