# A. Y. McDONALD MANUFACTURING COMPANY v. SAM NEWSTONE AND ANOTHER.[1]

October 28, 1932.

No. 29,089.

*Charles E. Chrisman* and *David R. Thomas,* for appellant.

*Fosnes & Rolloff,* for respondent.

[1]Reported in 244 N. W. 806.

238

OLSEN, J.

Plaintiff appeals from the judgment entered in favor of the defendant.

Plaintiff brought suit to foreclose a mechanic's lien. The court, at the close of plaintiff's evidence, granted a motion to dismiss the action as to defendant Newstone. There was no motion for a new trial. There was a motion made to permit plaintiff to reopen the case and present additional evidence on one point, hereinafter to be noted. There are errors assigned as to rulings on evidence at the trial. These errors, if any, are not here for review because not excepted to at the trial or in a motion for a new trial.

The record presents for review two questions: (1) Whether there was error in dismissing the case; (2) whether the court erred in denying plaintiff's motion to reopen the case for further evidence.

■ The court may dismiss a case on the trial after plaintiff has rested if there is no evidence upon which a verdict or decision in plaintiff's favor could be sustained; or, as stated in the statute, G. S. 1923 (2 Mason, 1927) § 9322(3), when the plaintiff "fails to substantiate or establish his cause of action or right to recover."

■ The evidence shows that defendant Newstone, the owner of a residence in Montevideo, Minnesota, sometime in March, 1928, purchased from the defendant Copping, a plumbing contractor in said city, a kitchen sink, known as an electric sink, and the hanger and connections wherewith to install the same in Newstone's kitchen. Copping then, on March 8, 1928, ordered the sink, hanger, and connections from the plaintiff, a wholesale dealer in such articles in Minneapolis. The items were shipped by plaintiff to Copping about April 11, 1928, and the sink was thereupon duly installed by Copping in defendant Newstone's kitchen. The job was completed on April 16, 1928. The price and value of the material furnished, charged by plaintiff to defendant Copping, was $189.77.

The plaintiff filed its lien for this sink and accessories mentioned on July 19, 1928, some 93 or 94 days after the completion of the installation of the sink. The time for filing the lien for this material had then expired. But plaintiff claims that it thereafter

furnished to Copping a towel bar and tumbler holder, which were fastened to the kitchen wall in the Newstone house adjacent to the sink, and that this should be considered as part of the same installation and be held to extend the time for filing the lien.

It does appear that Copping ordered this towel bar and tumbler holder from the plaintiff on April 18, 1928; that they were shipped to him a day or two later; and that at the time of the trial the same were found fastened to the kitchen wall in the Newstone house. These two items were of the value of $4.70. The evidence is silent as to when or by whom these items were delivered to or placed in the Newstone home. The plaintiff's office manager testified that the towel bar and tumbler holder were not a part of the sink and not connected with it in any way; that they were entirely separate fixtures; and that he had never seen such a towel bar above the sink but had seen them above the lavatory. It seems evident that there were here two separate purchases or contracts, and that the purchase of or contract for towel bar and tumbler holder was distinct and separate from the contract for the sink. No extension of time for filing the lien statement for the sink resulted.

■ Were the towel bar and tumbler holder lienable items? The trial court held that these items did not contribute to any improvement of the real estate under our lien laws and were not lienable items, no matter how they were fastened to the wall. They were apparently such small articles of household use as any householder might buy in the market and attach to the wall where desired in his home. We think the trial court was right in its holding.

■ Plaintiff's counsel, as noted, made a motion for permission to reopen the case and present further evidence to show the "method and manner by and in which the towel bar and tumbler holder was attached to the realty in question." The offered evidence would not change the result.

It is assigned as error that the court made some statements in its order denying plaintiff's motion. We do not find it necessary to consider these assignments.

Judgment affirmed.