OTTO KAHLE, d.b.a. DETROIT HEATING & PLUMBING
COMPANY, v. W. R. McCLARY AND OTHERS.
FIRST FEDERAL SAVINGS & LOAN ASSOCIATION OF FARGO,
APPELLANT.

96 N. W. (2d) 243.

April 24, 1959—No. 37,677.

*Jenson, Irvine & Ramstad,* for appellant.
*C. U. Landrum* and *Sigwel Wood,* for respondent.

MATSON, JUSTICE.

In an action to foreclose a mechanics lien, defendant First Federal Savings and Loan Association appeals from an order denying its motion for a new trial.

The facts are as follows: Prior to August 9, 1955, defendants W. R.

McClary and Esther McClary, his wife, (herein referred to as McClarys) decided to convert their one-family dwelling into a duplex. Plaintiff, a heating and plumbing contractor, entered into a verbal agreement with McClarys to make the necessary changes in the heating system. Payment was to be made on a quantum meruit basis. On August 9, 1955, the work began. Plaintiff's employees removed the existing furnace in the building and installed two new ones. Connected with this installation were some necessary plumbing operations. The installation of the furnaces was completed in late September 1955.

In the meantime, the McClarys, on August 25, 1955, executed a mortgage on 'the premises to defendant First Federal. The mortgage was recorded August 30, 1955.

Following the installation of the furnaces, plaintiff installed some new faucets in April 1956. Evidence supports the finding that during the winter of 1955 to 1956 McClarys' tenants had complained that the southwest bedroom in the duplex was inadequately heated. It was decided that an additional hot air register in the bedroom would remedy, the situation. The McClarys and plaintiff agreed that the work should be done at plaintiff's convenience. The new register was not added to the bedroom until September 28, 1956, one year following installation of the furnaces. A charge of $28 was made for the register. Plaintiff filed a mechanics lien pursuant to M. S. A. 514.08 on November 6, 1956, for the total amount of plumbing and heating labor and materials. Later this action was instituted to foreclose the lien against defendant First Federal and defendant McClarys. The McClarys made no appearance.

The only issue before this court is whether the mechanics lien of November 6, 1956, was filed within sufficient time to encompass the original installations. The lower court, sitting without a jury, held for the plaintiff. We think the decision below is correct.

The law in this area is quite clear; its application is difficult. If the subsequent installation of the hot air register is an operation continuous with that of the furnaces, the lien is good.[1] If the two operations are

---

[1] E. g., Heimbach Lbr. Co. v. Spear, 140 Minn. 276, 167 N. W. 1041; American Bridge Co. v. Honstain, 120 Minn. 329, 139 N. W. 619; Coughlan v. Longini, 77 Minn. 514, 80 N. W. 695; Frankoviz v. Smith, 34 Minn. 403, 26 N. W. 225; 12 Dunnell, Dig. (3 ed.) § 6087.

separate or independent, the lien has expired.[2] The lien, of course, ceases 90 days following completion of the work unless filed.[3] The factor determining whether two operations are continuous, or separate and independent, is the general purpose of the contract.[4] The distinction is illustrated by language in Hazard Powder Co. v. Loomis & Campbell, 13 Ohio Dec. Reprint 333, 337, quoted earlier by our court:[5]

"* * * Where work, distinct in its nature, is performed at different times, the law supposes it performed under distinct engagements, as where the work at one time is for building, and at another for repairing. So, where two distinct contracts are in fact made, as * * * distinct contracts for different parts of the work, the work done under each contract must be considered as entire of itself. But when work, etc. is done or furnished, all going to the same general purpose, as the building of a house, or any of its parts, though such work, etc., be ordered and done, at different times, yet, if the several parts form an entire whole, or are so connected together as to show that the parties had it in contemplation that the whole should form but one, and not distinct matters of settlement, the whole account must be treated as a unit, or as being but a single contract."

Factors tending to the conclusion that separate contracts are involved are a long lapse of time following the last major work,[6] the fact that the subsequent work involved a trifling amount,[7] and the general

---

[2]E. g., Paine & Nixon Co. v. Dahlvick, 136 Minn. 57, 161 N. W. 257; Fitzpatrick v. Ernst, 102 Minn. 195, 113 N. W. 4; Dayton v. Minneapolis Radiator & Iron Co. 63 Minn. 48, 65 N. W. 133; 12 Dunnell, Dig. (3 ed.) § 6087.

[3]M. S. A. 514.08; 12 Dunnell, Dig. (3 ed.) § 6087.

[4]E. g., Villaume Box & Lbr. Co. v. Condon, 146 Minn. 156, 178 N. W. 492; Fitzpatrick v. Ernst, supra; Dayton v. Minneapolis Radiator & Iron Co. supra; Frankoviz v. Smith, supra; 12 Dunnell, Dig. (3 ed.) § 6087.

[5]Fitzpatrick v. Ernst, 102 Minn. 195, 198, 113 N. W. 4, 5.

[6]Guy T. Bisbee Co. v. Granite City Investing Co. 159 Minn. 442, 199 N. W. 17; Dayton v. Minneapolis Radiator & Iron Co. 63 Minn. 48, 65 N. W. 133.

[7]A. Y. McDonald Mfg. Co. v. Newstone, 187 Minn. 237, 244 N. W. 806; Guy T. Bisbee Co. v. Granite City Investing Co. supra; Hennepin Lbr.

circumstances under which the work was done.[8] Revival of the lien is clearly disallowed when de minimus operations are performed for the sole purpose of extending the time for the lien and the work is otherwise substantially completed.[9] However, in determining this question, we have stated:

"* * * a substantial rather than a technical view should be taken of the question whether its claim is founded upon one or upon separate and independent contracts."[10]

Turning to the evidence, because the question of whether the labor was performed under independent or continuing contracts is one of fact,[11] our sole purpose is to determine whether the evidence reasonably sustains the finding of the lower court that the contract contemplated continuing acts. It was found below that it was within the contemplation of the contracting parties (McClarys and plaintiff) that the result must be satisfactory before completion and that plaintiff had guaranteed such satisfaction. It is obvious that if the additional labor must be performed under the terms of the original contract regarding the general purpose, the lien is still in existence.[12] The record supports this finding and defendant First Federal has mustered no substantial evidence in contradiction thereof. W. R. McClary testified regarding complaints from tenants about the poorly heated bedroom and that he agreed that plaintiff might remedy the situation at his convenience. The general purpose contemplated from the beginning was adequate heating in the newly formed duplex.

Defendant First Federal relies upon Villaume Box & Lbr. Co. v. Condon, 146 Minn. 156, 178 N. W. 492, as compelling a contra

---

Co. v. Pedersen, 117 Minn. 534, 136 N. W. 1134; Dayton v. Minneapolis Radiator & Iron Co. *supra.*

[8]Dayton v. Minneapolis Radiator & Iron Co. *supra.*

[9]Cf. Guy T. Bisbee Co. v. Granite City Investing Co. 159 Minn. 442, 199 N. W. 17.

[10]Northwestern Lbr. & Wrecking Co. v. Parker, 118 Minn. 211, 214, 136 N. W. 855, 856; see, American Bridge Co. v. Honstain, 120 Minn. 329, 333, 139 N. W. 619, 620.

[11]Frankoviz v. Smith, 34 Minn. 403, 26 N. W. 225.

[12]American Bridge Co. v. Honstain, 120 Minn. 329, 139 N. W. 619.

result. In that case, subsequent to occupying a newly built house, defendant decided to install double windows on the sun porch. The material was ordered from plaintiff. Plaintiff filed a lien less than 90 days following delivery of the material for the sun porch but more than 90 days following completion of the house and occupancy by defendant. This court held that the storm sash was not furnished to accomplish the general purpose of the contract between the builder and defendant. As previously noted, however, the subsequent installation here was furnished to accomplish the general purpose of the contract.

Defendant contends collusion between the McClarys and plaintiff was involved in the installation of the new register and that the installation was for the sole purpose of reviving the lien. No support exists in the record for this allegation. Although the long lapse of time between the first and the final improvement, as well as the relative insignificance of the latter, are suspicious circumstances, such circumstances standing alone, in the absence of substantiating evidence, neither justify nor compel a finding of collusion as a matter of law.

Since the evidence reasonably supports the findings of the trial court, its order must be affirmed.

Affirmed.