**GEO. SEDGWICK HEATING & AIR CONDITIONING CO., Appellant,**

v.

**RIVERWOOD COMPANIES, INC., Defendants,**

**Richard A. Sanders, et al., Residential Finance Corp., Respondents.**

**No. C2-86-2152.**

Court of Appeals of Minnesota.

July 28, 1987.

Curtis D. Smith, Minneapolis, for Geo. Sedgwick Heating & Air Conditioning Co.

Richard A. Grayson, St. Paul, for Richard A. Sanders, et al.

Michael L. Brutlag, Minneapolis, for Residential Finance Corp.

Heard, considered and decided by FOLEY, P.J., FORSBERG and CRIPPEN, JJ.

### OPINION

CRIPPEN, Judge.

Appellant challenges the trial court's determination that appellant did not file a

verified mechanic's lien statement within the time allowed by statute. We affirm.

## FACTS

In July 1984, appellant Geo. Sedgwick Heating & Air Conditioning Co. and defendant Riverwood Companies, Inc. entered into a contract for appellant's installation of a forced air heating system and humidifier into a new home being constructed by Riverwood for respondents Richard and Julia Sanders. By August 23, 1984, appellant had substantially completed the installation of the furnace. The furnace was then wired by an electrician and was fully operational by the time the owners moved into the home on September 16. Sedgwick returned to the home two more times in September, to install the humidifier and a switch on the furnace. After that, appellant's work on the furnace was limited to two minor service calls in November and December.

On February 7, 1985, Sedgwick responded to the Sanders' service call to adjust the humidifier. While at the home, appellant also performed an ORSAT test, which checks whether safety shutoffs, operating controls, venting, input of gas, and fuel-air ratios are working and are properly adjusted. Minnesota law requires that the test be performed immediately upon completion of the installation of a furnace.

Appellant had learned in December 1984 that Riverwood had become insolvent. On March 20, 1985, appellant filed a verified mechanic's lien statement with the Washington County Recorder's Office. The only included item of work performed by Sedgwick within the statutory 120–day period preceding the filing of the mechanic's lien statement was the ORSAT test on February 7.

Approximately one year later, to enforce and foreclose on the mechanic's lien, Sedgwick commenced this action against Riverwood, the Sanders, and respondent Residential Finance Corporation, which holds the first mortgage on the property. The case was heard without a jury in August 1986. The court found appellant performed the ORSAT test for the sole purpose of reviving its mechanic's lien against respondents' property, that the ORSAT test was de minimus work, and that appellant accordingly did not file the mechanic's lien statement within the statutory period. The court concluded appellant's lien rights had been extinguished, and entered judgment for respondents.

## ISSUE

Did the trial court properly find that appellant's mechanic's lien statement was not timely filed?

## ANALYSIS

The mechanic's lien statute provides that whoever "contributes to the improvement of real estate by performing labor, or furnishing skill, material or machinery * * * shall have a lien upon the improvement, and upon the land on which it is situated." Minn.Stat. § 514.01 (1986). However, the lien ceases at the end of 120 days after doing the last of the work, or furnishing the last item of skill, material, or machinery, unless within this period the claimant files a statement of the claim with the county recorder of the county in which the improved premises are situated. *Id.* § 514.08, subd. 1.

Appellant claims the ORSAT test performed on February 7, 1985 constituted the "last of the work" within the meaning of the statute. Because the ORSAT test is required by state law, appellant contends its obligations under the contract were not complete until it performed the ORSAT test. Whether work subsequently performed is part of a continuing contract and therefore effective to extend the time of the lien is a question of fact. *Kahle v. McClary,* 255 Minn. 239, 242, 96 N.W.2d 243, 246 (1959). We will affirm the trial court's determination if it is reasonably sustained by the evidence. *Id.*

In *Kahle,* the supreme court considered several factors relevant to the determination of whether subsequent work is part of a continuing contract, including the lapse of time following the last major work, whether the subsequent work involved a

trifling amount, and the general circumstances under which the work was done. *Id.* at 241–42, 96 N.W.2d at 246. The court held: "Revival of the lien is clearly disallowed when de minimus operations are performed for the sole purpose of extending the time for the lien and the work is otherwise substantially completed." *Id.* at 242, 96 N.W.2d at 246 (footnote omitted).

In its findings supporting its ultimate determination, the trial court addressed each of the *Kahle* factors. These findings are amply supported by the evidence. Over four months passed between Sedgwick's last major work, efforts that ensured the furnace's proper operation, and its performance of the ORSAT test. The ORSAT test is "a trifling amount" of work: It takes little time or skill to perform, and Sedgwick usually had part-time or apprentice employees perform the test. General circumstances included Sedgwick's awareness by December 1984 of Riverwood's insolvency, its failure to perform the ORSAT test immediately upon completion of the installation of the furnace, as required by statute, and the fact that all other subsequent contacts between Sedgwick and the Sanders involved insignificant warranty work.

At trial, appellant claimed the delay was reasonably explained by its practice of waiting to perform several ORSAT tests together, for reasons of "business efficiency." Appellant further claimed that its employees leave tags on doors if residents are not at home when the employees arrive to perform the test. The trial court concluded Sedgwick presented no evidence that it previously attempted to perform the test, based on its findings that Julia Sanders is usually home during business hours, that the Sanders never found any tags on their door, and that Sedgwick visited the home on two other occasions without performing the test. The trial court expressly noted that its determination was influenced not only by the *Kahle* factors and the evidence presented at trial, but also by "the Court's personal observation and demeanor of the witnesses." *See* Minn.R.Civ.P. 52.01 (due regard shall be given to the opportunity of the trial court to judge the credibility of the witnesses).

Sedgwick's explanation is especially suspect in that it was statutorily bound to perform the ORSAT test immediately upon completion of the installation of the furnace. Appellant has not presented any evidence to refute the trial court's conclusion that it performed the ORSAT test solely to revive its lien against respondents' property.

Finally, appellant claims the mechanic's lien statute is to be liberally construed in favor of workers and suppliers. The statute, however, "is strictly construed on whether a mechanic's lien attaches, [and is only] liberally construed after the lien has been created." *Enviro-Fab, Inc. v. Blandin Paper Co.,* 349 N.W.2d 842, 846 (Minn. Ct.App.1984) (citing *Dolder v. Griffin,* 323 N.W.2d 773, 780 (Minn.1982)), *pet. for rev. denied,* (Minn. Sept. 12, 1984).

### DECISION

The trial court's findings and conclusions on the determinative factors are adequate and supported by the evidence.

Affirmed.