Louis Lundell *vs.* Charles Ahlman *et al.*

Submitted on briefs April 13, 1893. Decided April 24, 1893.

**Review of Order Granting a New Trial.**
*Held* that, on the evidence, an order setting aside findings of fact will not, under the rule of decision of this court, be reversed.

**Lien Statement, Last Item not Proved.**
That the last item stated in a lien statement is not proved is not fatal to the whole claim, provided the statement was filed within the specified time after the last item stated in it and proved.

Appeal by defendant, the Scottish-American Mortgage Company, (Limited,) from an order of the District Court of Hennepin County, *Charles M. Pond, J.*, made April 15, 1892, granting a new trial.

The plaintiff, Louis Lundell, commenced this action to foreclose a mechanic's lien upon two houses in Minneapolis. He made all other lien claimants and the owner, Charles Ahlman, parties defendant. He also made the Scottish-American Mortgage Company (Limited) a defendant, as it had taken mortgages upon the property August 15, 1890, which under the decisions of this court were second and junior to plaintiff's lien. The trial court found that the lien statements of defendants were not filed until January 10, 1891, more than ninety days after the delivery of the last items, and for that reason the liens were lost. The defendant lienholders moved for a new trial, claiming the storm sash and transom were parts of their bills, and were delivered within ninety days prior to filing the lien claims. The court granted the new trial, and the Mortgage Company appeals from the order.

*W. W. Clark*, for appellant.

*Gray & Pulliam*, for respondents.

Gilfillan, C. J. The preponderance of the evidence in this case was not so manifestly and palpably in favor of the findings that, within the rule of decision of this court in such cases, we can reverse the order granting a new trial. It seems conceded that, if the item of storm sash delivered as to one of the houses on December 26th, and of storm sash and transoms delivered as to the other

December 6th, belonged in and were part of the account with the other items delivered for each house,—that is, if they came within and were delivered pursuant to the same agreement or arrangement to furnish material for each house,—then the lien statement in each case was seasonably filed for record. It seems that as to each house the owner, when beginning to build, made a list or bill of what is called "mill work," that he supposed would be needed, and a gross aggregate price was agreed on for each bill, but that it was at the same time understood that whatever extra articles of mill work might be needed the respondents would furnish whenever ordered, and such extras were furnished as, from time to time, they were ordered. Such extras properly belonged in the same account with the articles in the bill, the only questions that could be made being, were they agreed to be delivered, and were they delivered, for constructing and completing the same building? If so, the fact that considerable time elapsed between the delivery of the articles in the bill and the ordering of the extras would make no difference. As storm sash are a proper part of a well-constructed house in this climate, the court might have found them to have been furnished as extras, pursuant to the agreement,—might, indeed, have found either way upon it. It is also difficult to reconcile with the evidence the court's finding as to one of the houses (we think the one called the "North House") that it could not from the evidence find the date of the delivery of the last item, (excluding those of December 26th.) It would be, we think, hard upon the evidence to avoid the conclusion that the date of such last item was October 14th.

As the only purpose of requiring the date of the last item to be stated in the lien statement is to show whether it is filed in time, the failure to prove such item cannot be fatal to the entire claim, provided the statement is filed within the specified time after the date of the last item stated in it and proved.

Order affirmed.

Vanderburgh, J., took no part in this decision.

(Opinion published 54 N. W. Rep. 936.)