WILLIAM N. SHEPARD v. FRANCIS M. BLOSSOM and Others.[1]

December 11, 1896.

Nos. 10,161—(95).

**Fixtures—Machinery—Mortgagor and Mortgagee.**

The mortgagor constructed a series of buildings, and placed certain machinery in the same, with the intent and purpose of making all of the same a manufacturing plant, and used the same as such. The court below found that, as between him and the mortgagee, all of this machinery is a part of the realty. *Held,* the mere placing of the machinery in position in the buildings with intent to make it a permanent part of the manufacturing plant does not make it part of the realty unless it is actually or constructively attached to the building or land.

**Same—Attachment to Realty—Ponderous Machines.**

*Held,* further, the machines bolted to the floors or posts of the buildings either with bolts or "lag screws," those which were blocked to the floor, that which was held by a counter-shaft, those which were braced in the building, and the two ponderous machines weighing, respectively, 3½ and 4 tons, resting on the floors by their own weight, were sufficiently attached to the building that the court below was justified in finding that they are a part of the realty.

**Same—Machines not Attached or Ponderous.**

But *held,* as to the other machines which do not appear to be heavy or ponderous, and which were in no manner attached to the building except by the belts connecting them with the pulleys on the shafting when in operation, the court was not justified in finding that these are a part of the realty.

Action in the district court for Ramsey county to foreclose a mortgage for $4,500. The case was tried before Brill, J., who ordered judgment in favor of plaintiff. From an order denying a motion for a new trial, defendants Francis M. Blossom and another appealed. Reversed in part.

The court found that the machinery referred to in the opinion was in the buildings at the time of the execution and delivery of the mortgage.

*Stevens, O'Brien, Cole & Albrecht,* for appellants.
*Goodenow & Stanton,* for respondent.

[1] Reported in 69 N. W. 221.

CANTY, J. The question involved in this appeal is whether or not, as between the mortgagors and mortgagee, certain portions of the machinery in certain buildings are fixtures. The court below found that there were built on certain city lots in St. Paul,

"and permanently attached to the realty, a series of buildings connected and used together, consisting of a two-story frame building, rectangular in form, about fifty feet in width, facing south on Atwater street, and eighty feet in length, designated as the 'main building'; a two-story brick building, twenty-two feet wide by sixty feet long, which stands with the long side next to and attached to the northerly side of said main building. Attached to the northerly side of said brick building is a large drying house and lumber shed and a shavings vault. On the easterly side of said buildings, and ranging parallel therewith, are a warehouse, a glazing room, storage shed, and a molding shed, which last buildings are connected with said main building by an office building. Said buildings were erected by said mortgagors, and designed by them for and used in carrying on the business hereinafter referred to."

The court further found that all of said machinery is a part of the realty, and the appellants, who stand in the shoes of the mortgagors, contend that certain portions of it are not.

It is admitted that the stationary engine and boiler which furnish the motive power, the water heater, the exhaust fan, the air heater, the drying apparatus, the shavings exhaust fan, the shaftings, pulleys, belting, cars, and iron tracks are fixtures. All of these except the cars are attached to the realty in a very substantial manner. The findings further describe 40 different machines and appliances of various kinds (numbered in the findings from 5 to 44), such as emery grinders, sawing machines, molding machines, planers, jointers, mortising machines, turning lathes, and polishing machines, all of which, except 15, are bolted to the floors or posts of the building either with bolts or what are termed "lag screws." These 15 are described in the findings as follows:

"No. 16. An Austin and Eddy pulley mortising machine, resting upon the floor by its own weight, and secured in place by blocking which prevents its moving. It is only adapted and used for mortising pulleys into window frames. No. 17. A Robbins combination saw machine, being a heavy iron machine resting on the floor by its own weight. Its use is to rip and cross-cut lumber. It has a counter-shaft which prevents its moving. No. 18. An S. A. Woods 24-inch shop planer, which rests upon the floor by its own weight, and is blocked in the rear. Used for planing small and short pieces of lum-

ber. * * * No. 20. A 36-inch Gail and Bumiller band-saw machine, which rests on the floor by its own weight. Used for curved or circular sawing. * * * No. 26. A Walker panel raiser, being an iron machine resting on the floor by its own weight, but braced in front and rear to prevent its losing its position. Used for raising panels. * * * No. 30. An S. A. Woods wood-top rip-saw machine, blocked to the floor. Used for cutting lumber lengthwise. No. 31. A Houston No. 3 tenoning machine, blocked to the floor. No. 32. A Rowley and Hermance sash jointer, blocked to the floor at one end. It is adapted for, and used only in, making sash. * * * No. 34. A Rowley and Hermance door clamp, resting on the floor by its own weight. Only adapted for and used in making doors. * * * No. 36. A Phillips wood-frame sash clamp, resting on the floor by its own weight. Only adapted for and used in making sash. No. 37. A three-cylinder jointer, set down into the floor, and blocked on one side. No. 38. A Rowley and Hermance relishing machine, resting on the floor by its own weight, and being braced on one side, so as not to move in that direction. Only adapted for and used in cutting stiles on doors. No. 39. A 48-inch Berlin polishing machine, weighing 3½ tons, and resting on a low platform on the floor by its own weight. In order to sustain its weight, two 6-inch posts are placed underneath, reaching from the floor upon which it rests to the first floor of the building. It is used for polishing flat wood surfaces. No. 40. An S. A. Woods iron-top saw machine, resting on the floor by its own weight. * * * No. 44. In the second story of said building is a large iron veneer press machine, weighing four tons, resting on the floor by its own weight, used for fastening veneers on doors and other woodwork. It was made to order specially for this plant."

The court further found:

"All said machinery, * * * including the shafts, pulleys, and belting, engine, boiler, tracks, and cars, and the machines hereinbefore described, were intended to be and were attached to the freehold, and are a part thereof, and were intended to be and are fixtures, and the same are included in said mortgage."

It sufficiently appears that the buildings were constructed for the special purpose for which they were used, that the machinery was all placed in them for the same purpose, and that the whole forms one entire plant. Then the intention to make the machinery a permanent part of the plant sufficiently appears. But, as held in Farmers' Loan & Trust Co. v. Minneapolis Engine & M. Works, 35 Minn. 543, 29 N. W. 349, placing the machinery in position in the building with the intention of making it a permanent part of the plant is not sufficient to make such machinery a part of the realty, unless it is actually or constructively attached to the building or land. The ques-

tion here involved is a rule of property, and we must follow former decisions. In Wolford v. Baxter, 33 Minn. 12, 21 N. W. 744, it is said: "These other tests named, while having an important bearing upon the questions whether there has been annexation, and, if so, its effect, do not, however, do away with the necessity of annexation, either actual or constructive, to constitute a fixture." "Intent alone will not convert a chattel into a fixture." This case is approved in the later case first above cited, which is much in point.

The machines described in findings Nos. 20, 34, 36, and 40, aforesaid, do not appear to have been in any manner attached to the realty except when in operation and the belts were upon the pulleys. We cannot hold this to be a sufficient annexation to make fixtures of these machines.

The machines described in findings Nos. 39 and 44 are very heavy, weighing $3\frac{1}{2}$ and 4 tons, respectively. One is sustained by posts put under the floor especially to sustain it, and the other was made to order especially for the plant. We are of the opinion that the finding that these machines are a part of the realty should be sustained. As said in Wolford v. Baxter, supra, "Ponderous articles, although only annexed to the land by the force of gravitation, if placed there with manifest intent that they shall permanently remain, may be fixtures."

The machines described in the other findings above quoted were all blocked to the floor, or held by a counter-shaft, or braced in front and in rear, or braced on one side. These terms all indicate some sort of physical annexation, and, in our opinion, the finding that these machines are a part of the realty should be sustained.

The order of the court below denying a new trial is reversed so far as to set aside the last finding of fact above quoted and the conclusions of law, so far as such finding and conclusions affect the machines described in said findings Nos. 20, 34, 36, and 40, aforesaid, and as to these machines judgment will be ordered for defendants. In all other respects the order appealed from is affirmed, and the case is remanded for further proceedings not inconsistent with this opinion.