THOMAS R. COUGHLAN v. ISIDOR LONGINI and Others.

October 30, 1899.

Nos. 11,678—(9).

**Mechanic's Lien Statement—Date.**

It is not material that a mechanic's lien statement incorrectly states the date of the first or last item, or both, if no one is thereby misled to his prejudice, and the statement is filed in the register's office within 90 days after the true date of the last item.

**Same—Variance in Dates.**

It is not material that there is a variance between the dates of some of the items stated in a bill of particulars and the true dates.

**Omission of Word "Material."**

*Held*, the word "material," omitted in one place in the lien statement, may be supplied from the context by interpretation.

**Change of Material.**

A contract for furnishing material provided that the material might be changed. Such a change was made shortly after delivery of all the material called for by the contract. *Held*, the 90 days in which to file the lien commenced to run from the date of such change.

Extras.

> Where a contract is made to furnish specified materials to be used in the construction of a building, an implied understanding to furnish extras, if called for, may be inferred from the circumstances of the case. In such a case, the extras so furnished and the other material form one continuous account, and the 90 days in which to file the lien statement runs from the date of the last item of the whole account.

Action in the district court for Blue Earth county to foreclose mechanics' liens. The case was tried before Buckham, J., who found in favor of certain lien claimants, but disallowed in part the claim of Forman, Ford & Co. A new trial was granted as to the latter claim, and on the new trial, the court, Severance, J., allowed the claim in full. From orders denying motions for new trials, defendant Northwestern Mutual Life Insurance Company, a mortgagee, appealed. Affirmed.

*Edmund S. Durment,* for appellant.

*Wilson & Van Derlip, Pfau & Pfau, C. L. Benedict, J. A. Flittie,* and *Thomas Hughes,* for respondents.

CANTY, J.

This action was brought to foreclose a number of mechanics' liens on a city lot and the building thereon, for the erection of which building the lien claimants furnished labor and material. On the trial the court below found for certain of the lien claimants, and the Northwestern Mutual Life Insurance Company, a subsequent mortgagee, appeals from orders denying a new trial.

1. It appeared by the evidence on the trial that the time of furnishing the first or last item of the labor or material, or both, was not correctly stated in some of the lien statements, but that the true date was a few days before or after the time so stated. Appellant was not in any manner misled or prejudiced by any of those mistakes, and in every instance the last item was actually furnished within 90 days before the lien statement was filed in the office of the register of deeds. Under these circumstances, the mistakes are harmless and immaterial, and the objection is without merit. Althen v. Tarbox, 48 Minn. 18, 24, 48 N. W. 1018; Miller v. Condit, 52 Minn. 455, 55 N. W. 47; Lundell v. Ahlman, 53 Minn. 57, 54 N. W. 936.

2. Neither is there any merit in the objection that the dates of some of the items, as stated in the bill of particulars attached to some of the answers, varied in the same manner from the true dates of the furnishing of the items. Neither is there any merit in the claim that it did not appear in each case that the material furnished was the same material as that stated in the bill of particulars. It was apparently the same.

3. Appellant makes the objection that the lien statement of Macbeth is defective, in this: That the lien claimed is for both labor and material furnished together, and, while the lien statement shows the respective dates of the first and last items of labor, it does not show the dates of the first and last items of material. It is stated therein:

"That this claimant did the work, labor, and material for plumbing and gasfitting the same; that said work, labor, and material were reasonably worth the sum of $417 * * *; that all of said work, labor, and material so furnished and so performed were so furnished and so performed at the request of said contractor. * * * (3) The time when the first item of such labor and was furnished is August 26, 1895. The time when the last item of such was furnished is November 16, 1895."

The point is that the word "material" does not appear in this third paragraph of the lien statement, and that, therefore, the time when the first and last items of material were furnished does not appear. We are of the opinion that, from the context, the word "material" should be supplied by interpretation after the words "labor and" in said third paragraph. The meaning is clear. Mechanic's lien proceedings are remedial, and are construed liberally in favor of the claimant. The omitted word can and should be supplied in this statement, just as it would be in a deed and in many other written instruments under like circumstances.

4. The lien claimants, Forman, Ford & Co., furnished the glass for the building. Before doing so, their agent signed a written memorandum, which consists simply of the date and the words, "Forman, Ford & Co., ship to E. C. Burdick & Co." Then follows an itemized list of the glass, and then these words, "$3,100 delivered. Sizes may be changed." Except as hereinafter stated, all the glass furnished under this contract was shipped from Minne-

apolis, August 20, 1895. The evidence does not show when it arrived at Mankato, or at the building, and the lien statement was not filed until December 12 following, or more than 90 days after August 20. But, by reason of changes made in the plans, it became necessary to change the size of some of the pieces of glass. So the contractor requested the claimants to send a man to Mankato to recut these pieces, which was done. The labor of recutting was performed on September 16, within the 90 days. This is sufficient to continue the lien as to all the glass. This court has gone further than it is necessary to go in so holding. See Scheible v. Schickler, 63 Minn. 471, 65 N. W. 920.

5. There is still another reason why the lien was preserved as to all the glass. Additional glass was ordered, and was delivered September 23. Where materials are being furnished by a material man for use in the construction of a building, there is, according to custom, usually an implied understanding that extras may be called for, and, if so, will be furnished. Such an implied understanding may be inferred from the circumstances of the case. If it is so inferred, the extras and the material furnished under the principal contract form one continuous account, and the 90 days in which to file the lien statement commence to run from the date of the last item of the whole account; but if, after the furnishing of the last item under the principal contract, more than 90 days have elapsed in which no extras were so furnished, it may be a question whether furnishing a subsequent item of extras will continue the lien for the whole. This disposes of all the questions raised having any merit.

The order appealed from is affirmed.