## SHEVLIN-CARPENTER LUMBER COMPANY v. ZENA J. TAYLOR.[1]

December 26, 1913.

Nos. 18,272—(152).

**Mechanic's lien — evidence.**

1. The findings of the trial court in an action to foreclose a mechanic's lien to the effect that a delay in the delivery of certain items of material,

[1] Reported in 144 N. W. 472.

---

Note.—On the question whether a contractor is a necessary party to a bill to enforce a mechanics' lien, see note in 33 L.R.A.(N.S.) 69.

delivered some time after the substantial completion of the contract, was not for the wrongful purpose of extending the time within which to perfect the lien, are sustained by the evidence.

**Action to foreclose — estate of decedent concluded by decision.**

2. In an action by a lien claimant to foreclose his lien, perfected for material supplied the contractor, the personal representative of the contractor, who died before the commencement of the action, is a proper if not necessary party to the action, and the determination in that action of the amount due the lien claimant, an incidental issue, is conclusive upon the estate of the deceased contractor.

Action in the district court for Ramsey county to foreclose a mechanic's lien. The case was tried before Brill, J., who made findings that plaintiff was entitled to a lien of $1,503.85 for materials, and $100 for attorney's fees, and ordered that the premises described be sold for the purpose of paying the lien. From an order denying her motion for a new trial, defendant Taylor appealed. Affirmed.

*Morton Barrows* and *Arthur A. Stewart,* for appellant.

*B. H. Schriber,* for respondent.

BROWN, C. J.

Action to foreclose a mechanic's lien in which plaintiff had judgment and defendant appealed from an order denying a new trial.

The facts are not in dispute and are as follows: Defendant Taylor, the owner of the property, entered into a contract with one Ledy, a builder, for the construction of a dwelling house thereon, the contractor to furnish all material and labor used in and necessary to the completion of the building. The contract provided that the building should be completed on or before August 1, 1912. It was substantially completed and Taylor moved into the house on August 17. The contractor purchased all lumber and mill work for the building from plaintiff, the value of which exceeded the sum of $1,500, and the most thereof was delivered upon the premises prior to August 17; two lights of glass were delivered on August 21, one screen door on September 19, and three storm doors and a screen on October 31. These items were all included in the original contract between the contractor and plaintiff. The contractor died on December 10, 1912,

and on December 11 plaintiff duly perfected a lien upon the property for the amount due for material furnished. The lien statement was not filed within 90 days from August 17, the time when the work was practically completed and defendant took possession, but was filed within 90 days from September 19 and October 31, upon which dates certain material, called for by the contract, was delivered upon the premises for use in final completion of the building.

Defendant interposed in defense that the lien was not perfected within the time prescribed by law, and was therefore of no validity. In support of this defendant alleged in his answer that the items of material delivered on September 19 and October 31 were wrongfully, unreasonably, and without excuse withheld and not delivered until the dates stated, for the purpose of attempting to extend and lengthen the time within which the lien could be filed and recorded. The trial court found that these allegations were not true, and after finding other necessary facts ordered judgment for plaintiff. It further appears that plaintiff did not, before the commencement of the action, or at all, file its claim with the probate court against the estate of the deceased contractor.

1. The findings of the trial court to the effect that the delay in delivering the items of material referred to was not for the purpose of unreasonably extending the time within which a lien might be perfected are sustained by the evidence, at least the evidence did not require a finding to the contrary. The case in this respect is not unlike Anderson v Donahue, 116 Minn. 380, 113 N. W. 975, where a similar issue was presented and the findings of the court were sustained.

2. Defendant further contends that it was essential to the right to foreclose the lien that the amount of plaintiff's claim be first determined by the probate court, the contractor being dead. No claim has been filed with that court. It was held in Northwestern C. & C. P. Co. v. Norwegian D. E. L. A. S. 43 Minn. 449, 45 N. W. 868, that a final determination, as between the lien claimant and the contractor of the amount due the claimant, is essential to the right of foreclosure, and that for this purpose the contractor is a necessary party to

the foreclosure action; the theory of the decision being that an adjudication upon that subject between the owner of the property and the lien claimant would not be binding upon the contractor unless a party to the action, and in a given case the owner might be compelled to pay more on the lien than he would be entitled to enforce over against the contractor. While that decision was rendered under a former mechanic's lien statute, no reason occurs to us why the general rule there laid down should not be applicable under our present statute, yet we do not deem it necessary to determine the question in the present action. The sole purpose of the rule is the protection of the owner of the property, and to guard against a possible excessive claim by some subcontractor or materialman. We think that protection is given in this case. And though, as urged by counsel for defendant, an administrator cannot be sued to recover upon a claim against the estate he represents until the same has been presented to and passed upon by the probate court, he was in fact made a party to this action and thus afforded an opportunity to protect the estate, and is bound by the judgment rendered against him. It is true that no personal judgment could be rendered against him; none was asked for; yet the action to foreclose was rightfully brought, the statutes require that it be commenced within a year, and in such case the amount claimed as a lien may be litigated without infringing the jurisdiction and authority of the probate court. The district court had full and complete jurisdiction to hear and determine every question essential to the right of plaintiff to a judgment, and it was not bound to await the action of some other tribunal having or possessing jurisdiction of some question incidentally involved. We therefore hold that the determination in this action of the amount due plaintiff is conclusive against the estate of the contractor.

Order affirmed.