## J. C. WIENHOLZ AND ANOTHER v. DAVID H. HENNESSY.[1]

December 1, 1922.

No. 22,988.

**Judgment will not be reversed by minor irregularity not complained of.**

    1. The evidence does not compel a finding to the effect that plaintiffs in the agreement to furnish the labor for the erection of a dwelling guaranteed that the cost thereof should not exceed a certain sum. An irregularity in the finding, as to the price at which the work should be paid for, which does not substantially harm appellant and is not complained of, will not reverse a judgment.

**No right to mechanic's lien for putting castors on movable table.**

    2. A movable table, designed to occupy a place between two built-in benches in a kitchen nook, is not an item as to which the work done in affixing castors gives the right to claim a mechanic's lien upon the building.

Action in the district court for Hennepin county to foreclose a mechanic's lien for $2,267.76. The case was tried before Hale, J., who made findings and ordered judgment in favor of plaintiffs.

[1]Reported in 190 N. W. 785.

From the judgment entered pursuant to the order for judgment, defendant appealed. Reversed with directions.

*Jamison, Stinchfield & Mackall,* for appellant.

*C. A. & V. C. Pidgeon,* for respondents.

HOLT, J.

In this action to foreclose a mechanic's lien a judgment was rendered for plaintiffs and defendant appeals.

It appears that some days prior to July 4, 1919, defendant began to negotiate with plaintiffs to build a bungalow for him on a lot he owned in Excelsior, Minnesota. Defendant was to furnish the building material needed except nails and some other items. Plaintiffs were to receive what the labor cost them plus 5 cents per hour. They were not to have any profit on the material procured by them. So far there is no dispute. But defendant claims that plaintiffs guaranteed that the amount for labor should not exceed $1,500, unless extras were added to the building as planned, and for such extras 5 cents an hour should be added to the price paid by them. Plaintiffs contend that the sum of $1,500 mentioned in the negotiations was merely an estimate, and no part of the agreement. Under the arrangement made, the court found that, in the erection of the building, the cost of the labor and materials furnished by plaintiff plus 5 per cent amounted to $4,217.60, of which $1,949.84 had been paid, and also found that the said labor and materials were performed and furnished under an agreement that defendant should pay therefor the cost thereof plus 5 per cent.

Two questions are raised by the appeal. The first involves the amount of recovery and the second the right to have that amount adjudged a lien.

While in form the findings as to the agreement and amount accruing thereunder are challenged, no point is made of the inaccuracy or inadvertence of the court in saying that plaintiffs were to receive 5 per cent of the cost of the materials and labor furnished. The testimony was that the materials furnished by plaintiffs were to be furnished at cost, and there is, in the account found accurate by the court, no indication of any more than actual cost being

charged defendant. As to the labor the evidence is undisputed that plaintiffs were to add 5 cents per hour, except that defendant contends that, excluding the extras, they guaranteed it should not exceed $1,500. But it is not controverted that, in said account, labor from July 4 to December 20 was by mistake charged at cost plus 10 cents per hour, and that for the labor, up to that date, the error was adjusted by a credit of $164.63. On the account after December 20, the cost of labor plus 5 per cent was charged in the account, and not according to the agreement testified to by both parties, namely, the cost plus 5 cents per hour. The 5 per cent finding is more favorable to defendant than the amount testified to. But this applied to labor subsequent to December 20 perhaps does not quite offset the error made in computing the labor bill previous to that date and adjusting it by the credit of $164.63. However, the difference would be quite small, and, since that seems not to enter into the cause for appeal, no more need be said on that score.

Including the extras, estimated by one party at more than $800 and by the other at $230, the total cost to defendant of the labor for erecting this bungalow was about $3,250. Conceding the extra labor to have cost what plaintiffs claim, the labor for doing the work contemplated when it was given to them overran their admitted estimated price of $1,500 by about $900. This surely was a sore disappointment to defendant, who no doubt believed that plaintiffs possessed more accurate knowledge of the building business. But the trial court did not find that they agreed that the cost of labor should not exceed $1,500. The agreement was not reduced to writing, and it is readily appreciated that a court would hesitate to find a guaranty by the contractors under which, instead of receiving a compensation, they would sustain a loss of $900 on the job, unless the proof was convincing. It is admitted that the house was well built, and there is no intimation that the workmen were either overpaid or had been soldiering. We think the evidence such that this court should not interfere with the findings that plaintiffs did not guarantee the total cost of the labor should not exceed $1,500.

The lien statement was filed on May 3, 1920. There is no testimony that any labor was done after January 26, except one hour February 11, 1920. The only material furnished within the 90 days preceding the filing of the lien was two pounds of waste under the date of February 7, 1920. The evidence is unsatisfactory as to the purpose or use of this waste. It is said that it was used by painters. But there is absolutely no evidence that any painting or other work was done after January 26, except the one hour on February 11, above mentioned, and that was not the work of a painter. One of plaintiffs was asked to affix 4 castors to the legs of a breakfast table and he spent an hour's time so doing on the date last mentioned. Could a lien be claimed for this hour's work? We think not.

Lien laws are construed liberally. Johnson v. Starrett, 127 Minn. 138, 149 N. W. 6, L. R. A. 1915B, 708. Storm sash have been held a proper part of a house in this climate and lienable. Lundell v. Ahlman, 53 Minn. 57, 54 N. W. 936; Villaume Box & Lumber Co. v. Condon, 146 Minn. 156, 178 N. W. 492. And plaintiffs accordingly contend that, since a storm sash, which is merely fitted into a place in a house, and remains affixed only part of the year, is held a part of the building and lienable, this breakfast table should also be so regarded. It was part of the millwork ordered, and was designed for a nook in the kitchen with a bench on either side. The benches were affixed to the building and became a part of the house. It is therefore claimed that this table constituted a component part of the nook which is not complete without it. However, the table was movable to any place in the house or out of it, and the castors were put on to facilitate moving it about. A storm sash is part of the house for at least a good part of the year, and is then affixed thereto. A movable table is always a piece of furniture, and is not regarded as part of the real estate. The characteristics of lienable fixtures or items are fully discussed in the case of White Enamel Refrigerator Co. v. Kruse, 121 Minn. 479, 140 N. W. 114, and under the principles there adopted we think this table is not a lienable item. Moreover, even if it were, there appears no good reason to hold that there could be a lien claimed for putting castors thereon.

There is no testimony that as originally designed it was to be provided with castors. This hour's work, over half a month after all labor on the house had ceased, appears to be the result of an afterthought, or a convenience determined upon subsequent to the completion of the house and not connected with its construction. It was error to decree a lien and allow attorney's fees for its foreclosure.

The judgment is reversed and the cause remitted with directions to modify the conclusions of law and enter judgment in conformity to the views herein expressed.