NYE SCHNEIDER FOWLER CO., Respondent, v. RISSE et al, Appellants.

(199 N. W. 475.)

(File No. 5504.    Opinion filed June 26, 1924.)

1. **Mechanics' Liens—Notice—Liens—Subcontractor's Notice Stating Materials Were Furnished to Owner Held Good.**

Subcontractor's notice of lien, stating materials were furnished to the owner of the premises instead of the principal contractor, held a compliance with Rev. Code 1919, Sec. 1649, subd. 3, in view of liberal construction authorized by section 10656.

2. **Mechanics' Liens—Contractors—Lien Held Not Defeated by Filing Amount for More Than Amount Found Due.**

Where a contractor did not promptly pay for materials in order to be entitled to a discount, the fact that plaintiff filed his claim against owner under Rev. Code 1919, Sec. 1649, subd. 3, for price without discount, did not defeat his lien for the lesser sum, as showing attempt to defraud the owner.

3. **Mechanics' Liens—Findings—Evidence—Waiver—Evidence Held to Support Finding Against Waiver.**

Evidence held to support finding that lienor did not waive his right to a lien under Rev. Code 1919, Sec. 1649.

Appeal from Circuit Court, Gregory County; HON. N. D. BURCH, Judge.

Suit by the Nye Schneider Fowler Company against C. J. Risse and Milo Moore. From a judgment against him, and from an order denying a new trial, defendant Moore appeals. Affirmed.

*W. J. Hooper,* of Gregory, for Appellant.

*Charles A. Davis,* of Burke, and *Dolezal, Spear, Mapes & Stevens,* of Fremont, Neb., for Respondent.

(1) To point one of the opinion, Appellant cited: 18 R. C. L. 926; 27 Cyc. 178; Hogan v. Bigler (Cal.), 96 Pac. 97; Madera Flume Co. v. Kendall, 120 Cal. 182, 52 Pac. 304, 65 Am. St. Rep. 177; McDonald v. Backus, 45 Cal. 262; Wood v. Wrede, 46 Cal. 637; Hooper v. Flood, 54 Cal. 218; Wagner v. Hansen, 103 Cal. 104, 37 Pac. 195; Buell & Co. v. Brown, 131 Cal. 158, 63 Pac. 167; Santa Monica Co. v. Hege, 119 Cal. 377, 51 Pac. 376; Windfall Natural Gas Mining & Oil Co. v. Roe (Ind.), 85 N. E. 733; Bradley & Currier Co. v. Pachetlau, 75 N. Y. S. 531; Barton v. Rose (Ore.), 82 Pac. 1009; Wyman v. Quayle (Wyo.), 63 Pac.

988; Rankin v. Malarkey, 23 Ore. 593, 32 Pac. 620, 34 Pac. 816; Dillon v. Hart, 25 Ore. 49, 34 Pac. 817.

Respondent cited: Pinkerton v. LeBeau, 3 S. D. 446; Relewitch v. Harrington, 20 S. D. 377; Pittsburg Plate Glass Co. v. Leary, 25 S. D. 261; Alberti v. Moore (Okla.), 14 L. R. A. (N. S.) 1041; Brown v. Welch, 5 Hun. 582; Pell v. Baur, 16 N. Y. Supp. 258; Tibbetts v. Moore, 23 Cal. 208; Davis v. Livingston, 29 Cal. 283; Reed v. Norton, 90 Cal. 590, 26 Pac. 767, 27 Pac. 426; Clark v. Huey, 36 N. E. 52; Clark v. Huey, 12 Ind. App. 224, 20 N. E. 125; Cunningham v. Barr, 45 Kan. 158, 25 Pac. 583; First Presbyterian Church of Hutchinson v. Santy, 52 Kan. 462, 34 Pac. 974; Osborn v. Logus, 28 Ore. 302, 37 Pac. 456, 38 Pac. 190, 42 Pac. 997; Allen v. Elwert, 29 Ore. 428, 44 Pac. 823, 48 Pac. 54; McHugh v. Slack, 11 Wash. 370, 39 Pac. 674; McClain v. Hutton, 63 Pac. 182, 131 Cal. 132; Bitter v. Mouat Lumber & Investment Co., 41 Pac. 519, 10 Colo. App. 307, 59 Pac. 403, 27 Colo. 120; Fulton v. Parlett & Parlett, 64 Atl. 58, 104 Md. 62.

(2) Two point two, Appellants cited: Biggs v. Hanchett, 90 Mich. 657, 51 N. W. 691; Mercantile Co. v. Mosser, 105 Mich. 18, 62 N. W. 1120; Lynch v. Gronan, 6 Gray 531; Foster v. Schneider (Sup.), 2 N. Y. Sup. 875; Whitenack v. Noe, 11 N. J. Eq. 321; Reeve v. Elmendorf, 38 N. J. Law 125; Hoffman v. Walton, 36 No. 613; Stubbs v. Railway Co. (Iowa), 22 N. W. 654; Phil. Mech. Liens, Para. 355; Knibb v. Nordison, 151 Pac. 1109; Gaskell v. Beard, 11 N. Y. S. 399; New Jersey Steel and Iron Co. v. Robinson, 83 N. Y. S. 450; Ringel v. Wallis Iron Co., 149 N. Y. 439, 44 N. E. 175; Pioneer Mining Co. v. Dela Motte, 185 Fed. 108; Pacific Lumber and Timber Co. v. Daley, 111 Pac. 869.

GATES, J. This is an action for the foreclosure of a mechanic's lien for material furnished by plaintiff as subcontractor in the erection of a garage upon property of defendant Moore. The defendant Risse was the principal contractor. The notice of lien was filed on June 10, 1920, that being the ninetieth day after the date of the last item in the statement of account attached to the notice. The trial court made findings of fact and conclusions of law favorable to plaintiff, and entered judgment

accordingly. The defendant Moore appeals from the judgment and from an order denying a new trial.

[1] Defendant first contends that the notice of lien was fatally defective, in that it wrongly stated that the materials were furnished to appellant instead of to the principal contractor, Risse. By chapter 263, Laws 1913, this state repealed its mechanic's lien laws with respect to liens upon real estate based upon the Iowa law, and adopted the Minnesota law. Gen. Stat. Minn. 1913, §§ 7020-7035. The present statute (section 1649, Rev. Code 1919) requires the lien statement to set forth:

"1. A notice of intention to claim and hold a lien, and the amount thereof;

"2. That such amount is due and owing to the claimant for labor performed, or for skill, material, or machinery furnished, and for what improvement the same was done or supplied;

"3. The names of the claimant, and of the person for or to whom performed or furnished;

"4. The dates when the first and last items of the claimant's contribution to the improvement were made;

"5. A description of the premises to be charged, identifying the same with reasonable certainty; and,

"6. The name of the owner thereof at the time of making such statement, according to the best information then had."

It is the third subdivision upon which appellant relies to defeat the lien. He says that subdivision should be interpreted as though it read:

"The names of the claimant and of the person for whom the labor was performed or to whom the materials were furnished."

He therefore insists that, since the materials were furnished to Risse, the principal contractor, the statement in the notice of lien, "that the person for whom the said materials was furnished was and is Milo Moore of Gregory, South Dakota," was not in accordance with the truth, and therefore that the lien must fail. The materials were furnished to Risse, but they were furnished untimately for Moore. We are unable to find that the Supreme Court of Minnesota has construed this subdivision. It seems to us that it is reasonably capable of the construction that the designation in the notice of either the person to whom, or the person for whom, the materials were furnished would suffice. Such, we

think, would be the construction which the average person reading such subdivision would place upon it. We fail to find in said subdivision or in any other provision of the statute a clear legislative intent that the name of a principal contractor to whom a subcontractor furnishes materials is essential to the validity of the latter's notice of lien. It is not contended that the failure of the notice of lien to mention Risse's name as the person to whom the materials were delivered has in any way misled or prejudiced appellant. Section 10656, Rev. Code 1919, requires a liberal construction of the Code with a view to effect its objects and promote justice. The majority of this court held to such a rule in a mechanic's lien case, John W. Tuthill Lumber Co. v. McMackin, 31 S. D. 507, 141 N. W. 382. The decisions of the Minnesota court have also followed the rule of liberal construction in mechanic's lien cases. Lax v. Peterson, 42 Minn. 214, 44 N. W. 3; Althen v. Tarbox, 48 Minn. 18, 50 N. W. 1018, 31 Am. St. Rep. 616; Tulloch v. Rogers, 52 Minn. 114, 53 N. W. 1063; Coughlan v. Longini, 77 Minn. 514, 80 N. W. 695. We therefore agree with the trial court that the notice of lien complied with the requirements of subdivision 3 of said section 1649.

[2] It is urged that the claim in the notice of lien was for an excessive amount, and therefore that the lien was defeated. The claim was for $3,101.01, while the sum actually found due was $2,530.50. The discrepancy was accounted for by showing that the prices charged were the regular yard prices, but that there was a custom among dealers to give a contractor a discount for cash, if promptly paid. Payment not having been promptly made, the lienor sought to recover the regular yard prices. The court allowed judgment for the amount that would have been due if the bill had been promptly paid. We see nothing in the case to justify appellant's contention that respondent was attempting to defraud appellant by giving notice of a lien for a false claim.

[3] It is lastly urged that the trial court erred in refusing to find that respondent had waived its right to a lien. There was testimony on the part of appellant to the effect that during the erection of the building respondent had sent a dun for about $1,200 to appellant from its Fremont office; that appellant offered to pay the bill to the local agent, but said that, if he did, he, himself, would buy the remainder of the lumber, and that no more

lumber should be sold to Risse for this job; that respondent's local agent, who is designated as the "second man," did not accept the payment, but told appellant he would take the matter up with the head man and let appellant know; that the local agent afterwards told appellant, "you are not held responsible in any way for this building. We are willing to take Mr. Risse for it."

The local agent denied such conversation, and there was an absence of proof of authority in the local agent to bind respondent by such a waiver, as well as an absence of evidence showing a consideration therefor. We think the trial court did not err in this behalf.

Finding no error in the record prejudicial to appellant, the judgment and order denying new trial are affirmed.

Note.—Reported in 199 N. W. 475. See. Headnote (1), American Key-Numbered Digest, Mechanics' liens, Key-No. 141, 27 Cyc. 122, 111; (2) Mechanics' liens, Key-No. 157(3), 27 Cyc. 202; (3) Mechanics' liens, Key-No. 281(7), 27 Cyc. 415.