LAMPERT LUMBER COMPANY v. C. C. JEPPESON AND OTHERS.[1]

January 29, 1926.

No. 24,957.

**Foreclosure of materialman's lien sustained.**
    Evidence considered and *held* sufficient to support a foreclosure judgment of a materialman's lien.

Mechanics Liens, 27 Cyc. p. 415 n. 63.

Action in the district court for Nobles county to foreclose a materialman's lien. The case was tried before Nelson, J., who ordered judgment for plaintiff. Defendant Skewis appealed from the judgment of foreclosure. Affirmed.

*E. H. Nicholas* and *James G. Mott,* for appellant.

*O. J. Finstad,* for respondent.

[1]Reported in 207 N. W. 22.

QUINN, J.

The defendant C. C. Jeppeson owned a farm upon which he contemplated erecting a farm-house. In September, 1920, he procured an estimate for material therefor and submitted it to the plaintiff for the purpose of procuring a price thereon. Plaintiff made him a price of $4,200, which was accepted. The first item of material was delivered on September 16 and the house was completed so that Jeppeson moved in with his family in March, 1921. The improvement as finally completed consisted of the house, basement with cement floor, tile drain leading therefrom, an outside cistern connected therewith, storm windows, screen windows and doors. While the building was going on, Jeppeson purchased some non-lienable commodities, such as coal, salt, fencing material and other articles, all of which were kept by plaintiff in a general running account with the building materials.

On September 8, 1921, plaintiff filed a verified lien statement for the entire account amounting to $5,012.50 against the premises, stating that the last item of material therein was furnished and delivered on July 1, 1921. On October 15, Jeppeson sold and conveyed the premises to the defendant Skewis, who went into possession. On December 6, the plaintiff filed a second lien statement against the premises for $5,121.85, its entire account, stating that the last item of material therein was furnished and delivered on September 24. From a judgment of foreclosure of this lien, the defendant Skewis appealed.

It is urged on behalf of the appellant that the bill, upon which plaintiff made a price of $4,200, did not include screens, storm windows, a basement floor with tile drainage nor a cistern. The non-lienable items were all eliminated at the trial and judgment was ordered and made a lien upon the premises to the amount of $4,712.20. In connection therewith the trial court found that the first lien statement covered but a part of the material that went into the house, in the belief that the house had been completed, but that in fact the same had not been completed and that thereafter plaintiff furnished material necessary for and which was used in

completing the same. The court also found that the first lien statement was filed by mistake and that no loss or prejudice was occasioned defendants or either of them thereby.

There is no merit in the contention that a cement floor in a basement, an outside cistern connected with a dwelling, a basement drain, screen and storm windows are no part of a farm-house. Such a structure would be quite incomplete without these necessities. The defendant Jeppeson testified that he did not contemplate any of such attachments when he commenced the building. That of course may be true, but the bill of materials, upon which the price of $4,200 was made, was not furnished strictly in accordance therewith nor is such usual in building such improvements. Material was furnished from time to time as needed and portions returned, for which defendant received credit to the amount of several hundred dollars. The very items now sought to be avoided so far as payment goes were accepted as delivered and used in completing the dwelling. It cannot be well contended that appellant was prejudiced by the filing of the first lien. The cistern was built in August and there was material furnished and used upon the deck of the porch and the hanging of the eaves spouts and conductors as late as September 24.

The court also found that the cistern, basement floor, screens, etc., were contemplated at the time the building was commenced. The evidence supporting the statement shows that the deliveries of these articles were continuous during nearly every month of the period of construction, the same as in ordinary house building, gradually tapering off as the house neared completion but in this case there was a large amount of cement delivered in September. There is some dispute about the piece of tin which was the last item furnished, but there is no evidence to sustain appellant's statement that this piece of tin was used for "repair work." A part of it was used to hang the eaves spouts and conductors, and the balance was soldered on the deck of the porch. The court found that this piece of tin was actually used in completing the job, and this finding is amply sustained by the evidence. We think the extras were put in as a part of a general continuous account. Lundell v. Ahlman,

53 Minn. 57, 54 N. W. 936; Coughlan v. Longini, 77 Minn. 514, 80 N. W. 695; Northwestern L. & W. Co. v. Parker, 125 Minn. 107, 145 N. W. 964; American Bridge Co. v. Honstain, 120 Minn. 329, 139 N. W. 619; Frankoviz v. Smith, 34 Minn. 403, 26 N. W. 225.

There was evidence in support of the finding to the effect that the kitchen cabinet was built into the house and constituted a fixture. We are of the opinion and hold that there was evidence sufficient to justify the holding that the second lien was filed in time and that the decree of foreclosure is amply justified by the proofs.

Affirmed.