## NORTH SHORE COMPANY v. CARL M. BROMAN AND OTHERS.[1]

March 17, 1933.

No. 29,277.

[1]Reported in 247 N. W. 505.

434

*Arnold & Arnold,* for appellant.

*Middaugh & Wheeler,* for respondents Broman & Plaunt and Duluth Plumbing Supplies Company.

LORING, JUSTICE.

Plaintiff, as a bondholder, whose bonds were secured by a trust deed upon the property of the Naniboujou Holding Company, brought suit against the defendant plumbers, the holding company, the First & American National Bank of Duluth, trustee, and Middaugh & Wheeler, lawyers, to restrain the plumbers from removing certain plumbing and heating equipment from the building standing upon the land belonging to the holding company. The trial court sustained the demurrer to the complaint, refused a temporary injunction, and vacated a restraining order which had prevented the defendant plumbers from removing their property. The plaintiff has appealed from such orders.

June 1, 1929, Naniboujou Holding Company determined upon a $100,000 bond issue and as security mortgaged the premises here involved to the First & American National Bank of Duluth as trustee. The property subject to the trust deed was also subject to a lease to the Naniboujou Club for 99 years, to which the trust deed was subordinate.

June 12 and June 21, 1929, respectively, the defendants Broman & Plaunt and the Duluth Plumbing Supplies Company contracted

with the Naniboujou Holding Company to sell and install in the buildings upon the property in question certain boilers, heating, and plumbing equipment. Both the firm and the corporation reserved title in themselves, and June 27, 1929, the corporation filed its conditional sales contract with the register of deeds in Cook county. July 26, 1929, the trust deed was filed for record. At a time not indicated by the record the plaintiff became the owner of $89,000 of the bonds issued by the holding company. The holding company defaulted on its contracts with Broman & Plaunt and with the Duluth Plumbing Supplies Company, and they brought replevin suits to recover possession of the property covered by their contracts. The holding company made no defense, and the suits went to judgment. This plaintiff as a bondholder brings this suit to restrain the removal of the plumbing and heating equipment and obtained a restraining order to that effect, which was later vacated upon motion of the plaintiffs in the replevin suits. A temporary injunction was denied.

■ We find no difficulty in disposing of the order vacating the restraining order and refusing a temporary injunction for the reason that the record presents a pure question of fact as to whether or not the removal of the plumbing would cause irreparable injury to the building. As between the owner of the property and the plumbers, the property that is sought to be removed was by contract made personal property, and the title thereto remained in the plumbers who had furnished it. Without question the plaintiffs in the replevin suits had the right to remove this property if the removal could be accomplished without substantial injury to the real estate. If that be the case, the lien of the trust deed never attached to this property because title to it never passed to the holding company. Hanson v. Vose, 144 Minn. 264, 175 N. W. 113, 7 A. L. R. 1573.

■ Attached to and made a part of the complaint is a copy of the trust deed, article 4 of which provided that no bondholder shall have a right to institute any action for the collection of the sum due, or for the appointment of a receiver, or for any other remedy

either upon or under such bond or upon or under the mortgage unless and until the holder shall have previously given the trustee notice of default in the terms and have afforded it a reasonable opportunity to institute an action in its own name after having tendered adequate funds to the trustee to indemnify it against costs, expenses, and liabilities incurred by such action. The trustee is given 30 days to comply with the request. The complaint makes no allegation that the plaintiff has complied with this article. It merely alleges that there was no time to get the consent of the trustee. It does allege that the trustee refused to appear and defend the replevin actions. In our opinion proper demand should have been made upon the trustee, and it should have been given a reasonable time in which to institute proceedings to protect the bondholders if so advised. There may not have been time to give it 30 days in which to comply, but it might have complied within one day or one hour, and we think that the complaint upon its face fails on that account to show a cause of action. Consequently the order sustaining the demurrers must be affirmed. In passing upon the order sustaining the demurrer we have not taken into consideration the affidavits before the court on the motion for a restraining order and temporary injunction. As previously stated, those affidavits amply justified the trial court in its position adverse to the plaintiff. The order sustaining the demurrer is affirmed, as is the order vacating the restraining order and refusing a temporary injunction.

Affirmed.

OLSEN, JUSTICE, took no part.