## ENOS E. SANDBERG v. MAY BURNS AND OTHERS.[1]

December 18, 1936.

No. 30,926.

*Russell Smith,* for appellant.
*Latimer & Cooper* and *Carl F. Granrud,* for respondents.

JULIUS J. OLSON, JUSTICE.

Defendant May Burns, as the owner of certain real estate involved in and affected by the judgment entered in a mechanic's lien action, appeals. There was no motion for new trial.

She assigns four errors: (1) That the evidence is insufficient to sustain the findings of fact; (2) that the conclusions of law are not justified by the findings; (3) that the court erred in not finding that the labor done and materials furnished by the lien claimants were in the nature of repairs made by or at the instance of the lessee and as such not lienable under 2 Mason Minn. St. 1927, § 8495; and (4) that there was error in not finding that certain

[1]Reported in 270 N. W. 575.

booths constructed by defendant Nelson and the lumber furnished therefor by the lumber company were trade fixtures and therefore could not be the subject of lienable charges against her real estate.

The facts found by the court, as far as necessary to decision here, may be summarized thus: Plaintiff did the work and furnished the material in painting and decorating a certain building owned by appellant. The material furnished and the labor so performed "became and are a permanent improvement to and incorporated in" the premises. With respect of the lumber company's lien, the court found that it had furnished lumber and other building material "used in the alteration and improvement of" the same building. As to defendant Nelson, the finding is that he "furnished labor doing carpenter work in the erection and construction of permanent improvements upon" the same building.

As to each lien the court found that the work done and material furnished were "with the knowledge and consent of defendant May Burns." In each instance the court also found the reasonable value of the labor done and material furnished. It directed the entry of judgment in the several respective sums of each lien as against defendant Aamodt, he having procured these services and materials, and that the judgment so to be entered should be "declared a specific lien upon the premises above described, and that plaintiff and said answering defendants [the lumber company and Nelson] may have judgments" in said several amounts and that the premises be sold by the sheriff pursuant to the statute. Judgment was entered in conformity with the findings.

■ The first three assignments may as well be considered together. The evidence, we think, justified the court in finding that the work done and material furnished by plaintiff were in fact "permanent improvements to and incorporated in" the building. The structure was in bad state of repair. The tenant Aamodt was about to start a beer parlor. Appellant was present when the work was in progress. She lived in the same building. There can be no doubt that she had full knowledge of what was to be done and consented thereto. What this court said in Northwestern L. & W. Co. v. Parker, 125 Minn. 107, 113, 145 N. W. 964, 966, fits into the facts presented here:

"It is doubtless true that painting and papering done by a tenant at recurring periods during his tenancy properly come under the denomination of repairs. But painting and papering of the character done here, as part of a general plan of fitting up the premises for the initial occupancy of the tenant, are properly classed as improvements, and not repairs."

In respect of the claims of the lumber company as well as that of the carpenter Nelson, the same can well be said. The floors were in very bad shape. Some 200 feet of new flooring had to be used in repairing them. A porch had to be repaired in a very substantial way and a new one was erected at the side door. The work was apparently substantial, and that the building had to be put into shape for use by the tenant is too clear for serious dispute. We also think that the conclusions of law are justified by the findings. Perhaps we should add that in addition to the specific findings hereinbefore mentioned the court also found that the lien statements were properly filed and that the other lien prerequisites were complied with. Not to be overlooked is the obvious fact that the premises had been in a state of idleness and had to be repaired to fit them for the use to which the tenant Aamodt was to put them.

■ What has been said in respect of prior assignments may be applied with equal force as to the fourth. The so-called trade fixtures were booths built into and securely nailed to the floors and walls of the building:

Q. "What was done, if anything, with the interior of the building?

A. "Well, the interior of the building, the side of the building was all lined with ceiling along the whole wall, and then there were seven or eight booths constructed, nailed right against the ceiling and nailed right to the floor.

Q. "Were those booths built right into the building?

A. "Yes, they were. * * *

Q. "Describe how those booths were built?

A. "Those booths were all nailed right to the floor, and also nailed right to the wall. It was all a complete job when it was finished.

Q. "Were they movable?

A. "No."

And there is other testimony of the same sort. There is testimony for appellant that these might be removed without much harm to the building, but there is also ample evidence that such removal was bound to cause much more than mere nominal injury; "you would tear the building" if this were to be done. The evidence presented a fact issue, and the court's findings for the lien claimants cannot be disturbed.

There is evidence also that when Aamodt was ousted for non-payment of rent all improvements, repairs, and betterments made within and without the building were left as they were when he had them made. Appellant thus received the benefits therefrom. She let the property to another, and these booths, with only slight modifications as to location, were put to use. Thus it would seem quite just that these laboring men and the one furnishing the material should be compensated.

Lien laws of this type are to be construed liberally to make effective compensation to those who render service or furnish material toward the improvement and betterment of property. Johnson v. Starrett, 127 Minn. 138, 149 N. W. 6, L. R. A. 1915B, 708. See also Weinholz v. Hennessy, 153 Minn. 454 (and cases cited p. 457), 190 N. W. 785, 786.

The judgment is affirmed.