## WILLCOX BOILER COMPANY v. EMMY M. MESSIER AND OTHERS.[1]

November 28, 1941.

No. 32,969.

*Harroun, Anderson & Poseley,* for appellant.

*Cox & Kuhlman* and *Ellis L. Ballou,* for respondents Fred and Margaret McCullough.

STONE, JUSTICE.

Plaintiff claims a lien (denied below) under the statute (Mason St. 1927, § 8490) for the value of a boiler furnished by it to defendant Messier as contractor for the defendants McCullough and promptly installed in their greenhouse as auxiliary heat generator.

[1]Reported in 1 N. W. (2d) 130.

Notwithstanding admission by answer that Messier "installed" the boiler "and base upon said premises," the lien was denied for supposed failure of proof. That was error.

■ Decision below was that "it is not shown how the boiler was installed. It is not shown that it was set in concrete, screwed to the floor, fastened to the wall, connected to pipes or to any other part of the building, or in any manner so that it became a part of the building or constituted an alteration, construction, repair, or improvement."

True, there is no evidence concerning the nature of the base upon which the boiler was placed. But it was a comparatively large boiler, 9 feet long, 6 feet high, and $3\frac{1}{2}$ feet wide. It weighed 6,000 pounds.

The admission by answer that it was "installed" did not require anything by way of testimony to demonstrate that in the legal sense it had become a part of the real estate. This admission made a *prima facie* case for plaintiff which remains unopposed by evidence. The boiler was used as required after its installation. Judicial knowledge is not so limited that the conclusion is not compelled, by the answer and facts, that the boiler was efficiently connected with a smokestack and also, through necessary fittings, with the steam or hot-water heating system already in and part of the building.

Fact and implication compel our holding that, as matter of law, the boiler was lienable. As part of the heating equipment it was a permanent improvement to the greenhouse. Northwestern Lbr. & W. Co. v. Parker, 125 Minn. 107, 145 N. W. 964; Pond & Hasey Co. v. O'Connor, 70 Minn. 266, 73 N. W. 159, 248. There is no explicit proof of the intention of defendants McCullough. But the fact that it was installed at their instance as part of the common heating plant of the greenhouse implies necessarily that it became a part thereof.[2] Capehart v. Foster, 61 Minn. 132, 63 N. W. 257, 52 A. S. R. 582.

[2]The manner in which a contrary intention of the parties properly expressed and the rights of third parties may affect decision is illustrated by such cases as Holland Furnace Co. v. Jefferson, 173 Minn. 121, 216 N. W. 795, and North Shore Co. v. Broman, 188 Minn. 433, 247 N. W. 505.

The lien of mechanic or materialman is not defeated by the fact that the product of his work or the material he has furnished can be detached from the realty without undue injury to what remains. Constructive attachment is sometimes enough. Pond Machine Tool Co. v. Robinson, 38 Minn. 272, 37 N. W. 99; Shepard v. Blossom, 66 Minn. 421, 69 N. W. 221, 61 A. S. R. 431. Easily removable accessories may become fixtures and so lienable. Sandberg v. Burns, 198 Minn. 472, 270 N. W. 575; Lundell v. Ahlman, 53 Minn. 57, 54 N. W. 936. It is of no consequence that after this boiler was furnished its use may have been discontinued because of alterations increasing efficiency of the main and larger boiler. Howes v. Reliance Wire-Works Co. 46 Minn. 44, 48 N. W. 448; Stravs v. Steckbauer, 136 Minn. 69, 161 N. W. 259.

All through, the position of the McCulloughs has been "that said boiler and base constitute a trade fixture and are not attached to the realty so as to become a part thereof." Their position ignores the limited application of the trade-fixture concept.

On the general law of fixtures an exception has been "ingrafted * * * due to the growing necessities of trade, that certain articles ordinarily fixtures, attached by a tenant for trade purposes, may be removed during the tenancy. Such articles are known as 'trade fixtures.'" Northwestern Lbr. & W. Co. v. Parker, 125 Minn. 107, 111, 145 N. W. 964, 965. The reason of this exception goes to the important consideration of intention. It is "based upon the rule that the law implies an agreement that it [the fixture] shall remain personal property from the fact that the lessor contributes nothing thereto and should not be enriched at the expense of his tenant when it was placed upon the real estate of the landlord with his consent." 22 Am. Jur., Fixtures, § 61, quoting from Cameron v. Oakland County G. & O. Co. 277 Mich. 442, 452, 269 N. W. 227, 107 A. L. R. 1142. So, where a tenant has placed trade fixtures on the realty with the right of removal, denial of lien is compelled by the tenant's right to remove. Because of that right, the thing never became part of the realty.

No rights of a tenant being involved, mere statement of it precludes present application of the trade-fixture concept.

The McCulloughs' position is based on the principle of such cases as White Enamel Ref. Co. v. Kruse, 121 Minn. 479, 140 N. W. 114, where a florist's refrigerator, installed by a tenant, was considered a trade fixture and in consequence a lien was disallowed. Doubtless, if the same refrigerator had been installed by the owner of the premises in the same manner it would have been held lienable.

■ The McCulloughs have paid their codefendant Messier for the boiler. The latter has been discharged in bankruptcy, the discharge covering, we are told, the obligation arising from failure to pay plaintiff. The discharge has made it impossible to get judgment against defendant Messier. For that reason, it is urged for defendants McCullough that plaintiff is barred from relief under the lien law. That argument is based on two Georgia cases. Pike Bros. Lbr. Co. v. Mitchell, 132 Ga. 675, 64 S. E. 998, 26 L.R.A.(N.S.) 409; Rome Brick Co. v. West, 134 Ga. 65, 67 S. E. 400.

They are not controlling because they simply apply strictly the Georgia rule under which judgment against the contractor is condition precedent to a lien under the statute. Our statute does not so require. Shevlin-Carpenter Lbr. Co. v. Taylor, 124 Minn. 132, 144 N. W. 472. The mechanic or materialman is entitled to his lien, there being nothing else to bar it, even though the contractor's liability has been discharged in bankruptcy. Eberle v. Drennan, 40 Okl. 59, 136 P. 162, 51 L.R.A.(N.S.) 68; Chickasaw Hotel Co. v. C. B. Barker Const. Co. 135 Tenn. 305, 186 S. W. 115, L. R. A. 1916F, 106; Annotation, 98 A. L. R. 323.

The order must be reversed with directions to enter judgment for plaintiff.