**MINNESOTA VALLEY BREEDERS ASSOCIATION, Respondent,**

v.

**Wesley BRANDT, Appellant.**

**No. C0–83–1521.**

Court of Appeals of Minnesota.

May 22, 1984.

Norbert Traxler, O'Neill, Goggins, Traxler & Zard, Ltd., New Prague, for respondent.

Darrell Morse, Morse, Clinton & O'Gorman, Cottage Grove, for appellant.

Heard, considered, and decided by WOZNIAK, P.J., and HUSPENI and NIERENGARTEN, JJ.

## OPINION

WOZNIAK, Judge.

This appeal involves a U.C.C. replevin action filed by Respondent Minnesota Valley Breeders Association against Appellant Wesley Brandt for a farm silo sold under a security agreement. The trial court permitted Minnesota Valley to recover possession of the silo. We affirm.

## FACTS

On March 3, 1982, Brandt entered an agreement with Minnesota Valley to purchase a new Harvestore farm silo. The security agreement stated, among other things, that:

17(b) The Harvestore equipment is and shall remain personal property, and shall not constitute fixtures or real estate for any purpose irrespective of the use or manner of attachment to any premises.

The Harvestore, a large metal structure, was constructed to be bolted on a concrete foundation at Brandt's farm. It was designed to be taken apart or added to in sections. Brandt and his wife owned the farm as joint tenants. Brandt and a representative of Minnesota Valley signed the Harvestore security agreement; Brandt's wife did not sign the agreement. The agreement was perfected in accordance with Article 9 of the U.C.C., Minn.Stat. § 336.9–101 (1982) et seq.

Late in 1982, Brandt defaulted in payments under the security agreement, and Minnesota Valley commenced this replevin action. After trial, judgment was entered in favor of Minnesota Valley.

## ISSUES

1. Does the security agreement which designates the Harvestore as personal property bind the parties in a replevin action?

2. Does Brandt have standing to raise defenses on behalf of his wife who did not sign the security agreement and who is not a named party in this lawsuit?

## ANALYSIS

1. Brandt contends that the Harvestore is real property, not personal property, because it became attached to real estate. Brandt maintains that the only proper method of recovery is by reference to lien law.

Minnesota has, even prior to the U.C.C., recognized that by agreement, property, notwithstanding its true nature, can remain personal property. In *North Shore Co. v. Broman*, 188 Minn. 433, 247 N.W. 505 (1933), the issue was whether plumbers could replevin boilers and other heating equipment that had been installed in a building. By agreement, the property had been designated as personal. Our Supreme Court stated:

As between the owner of the property and the plumbers, the property that is sought to be removed was by contract made personal property, and the title thereto remained in the plumbers who had furnished it. Without question the plaintiffs in the replevin suits had the right to remove this property if the removal could be accomplished without substantial injury to the real estate.

*Id.* at 435, 247 N.W. at 505. Although the plumbing was attached to real estate, it was treated as personal property in replevin because of the parties' agreement. Here, the Harvestore can be removed without substantial injury to the real estate. It is only bolted to its foundation and it is designed to be dismantled easily. The designation as personal property controls, even though the Harvestore is attached to real estate.

Under the U.C.C., the same result is achieved. *McCarthy v. Bank,* 283 Pa.Super. 328, 423 A.2d 1280 (1980), involving the replevin of a silo (later amended to an action for damages), is entirely on point. The court enforced an agreement to classify the silo as personal property:

> The lower court correctly found that the silo and unloader did not become part of the realty because the intention of the seller, Penn Jersey, and the buyers, appellees, as expressed in the sales agreement was that they should remain movable personal property and because that intention was consistent with the fact that the silo was only bolted onto its concrete foundation and could be removed without significant damage either to itself or to the land.

*Id.* at 332, 423 A.2d at 1282. *McCarthy* is persuasive because one purpose of the U.C.C. is "to make uniform the law among various jurisdictions." Minn.Stat. § 336.1–102 (1982). We also recognize that *McCarthy* is consistent with prior Minnesota law. *North Shore Co.,* 188 Minn. at 435, 247 N.W. at 505. We affirm the trial court's determination that the Harvestore is personal property for purposes of replevin.

2. Brandt asserts that even if the Harvestore is personal property with re-spect to him, the Harvestore is real property with respect to his wife, because she did not sign the security agreement. In effect, Brandt is requesting judgment in favor of a person who is not a party to this lawsuit.

■ In Minnesota, "every action shall be prosecuted in the name of the real party in interest." Minn.R.Civ.P. 17.01. Since Brandt's wife was neither a party to the security agreement nor a named party to this lawsuit, she is not a real party in interest. There is no standing to raise the issue on her behalf. As set forth in *Twin Ports Convalescent, Inc. v. Minnesota State Bd. of Health,* 257 N.W.2d 343 (Minn. 1977):

> [T]he underlying purpose of the doctrine of standing and the various tests which it has spawned is "to guarantee that there is a sufficient case or controversy between the parties so that the issue is properly and competently presented to the court."

*Id.* at 346.

### DECISION

The agreement to designate the Harvestore silo as personal property is valid and binding on the parties in an action for replevin. Wesley Brandt does not have standing to raise a defense on behalf of his wife who neither signed the security agreement nor became a party to this lawsuit.

Affirmed.